MASON, Respondent, vs. WEST PARK REALTY COMPANY, Appellant.

*March 8—April 5, 1927.*

*Mortgages: Amendment of judgment: Collateral attack: Tax certificates: Redemption.*

1. The court had the power, within one year after the entry of a judgment of foreclosure, to determine, upon due notice to all parties, that plaintiff's predecessor owned the premises under a tax deed and that the same were not subject to foreclosure. p. 15.
2. Where, after foreclosure, the court so modified the judgment, on notice to the holder of the mortgage, such holder was, after expiration of the time for appeal, bound by the court's determination and could not attack it collaterally in an action to quiet title. p. 16.
3. Acceptance by plaintiff's predecessor of the amount paid into court to redeem the mortgaged property from the lien of tax certificates did not estop plaintiff from asserting title under the tax deed, where the sum paid for redemption did not include the amount of the certificate on which the tax deed was issued. p. 16.

APPEAL from a judgment of the circuit court for Milwaukee county: AUGUST E. BRAUN, Circuit Judge. *Affirmed.*

Action by *Henry Mason* against the *West Park Realty Company* to quiet title. From a judgment quieting title the *West Park Realty Company* appealed.

Plaintiff's predecessor in title took a tax deed to the land here in question. Thereafter a mortgage covering the land here in question and other lands was foreclosed. Plaintiff's predecessor in title was made a party because he held tax certificates on the land here in question and other lands, which certificates were issued subsequent to the certificate upon which the tax deed was based.

Plaintiff's predecessor did not assert his rights under the tax deed in his cross-complaint in the foreclosure action.

Within a year after judgment was entered the court, upon petition of plaintiff's predecessor in title, amended the findings and judgment in the foreclosure action so as to determine that plaintiff's predecessor owned the land in question under his tax deed and that the same was not subject to sale on foreclosure. This order was entered on April 12, 1924, after due notice to all parties to the foreclosure action, including the *West Park Realty Company*. The *West Park Realty Company* did not appear at the time this order was entered nor question the right of the court to enter this order amending the foreclosure judgment. No appeal was taken from said order or amended judgment and no application was ever made to vacate or modify the order or the judgment.

On September 27, 1924, the *West Park Realty Company* paid into court the full amount determined by the judgment to be due upon the mortgage and upon the tax certificates held by plaintiff's predecessor. The sum so paid did not include the amount which plaintiff's predecessor had paid for the tax certificate on which the tax deed to the land here in question was issued to him.

*W. C. Seefeld* of Milwaukee, for the appellant.

*K. K. Kennan* and *Julius E. Roehr,* both of Milwaukee, for the respondent.

STEVENS, J. (1) The order modifying the judgment so as to determine that plaintiff's predecessor was the owner of the land here in question was one which the court had the power and the jurisdiction to make. It was entered within one year from the date of the judgment upon due notice to the *West Park Realty Company*. This order and the amended judgment determined that the plaintiff's predecessor owned the land here in question. That determination was final and conclusive upon the *West Park Realty Company* until it was set aside in a direct proceeding

brought for that purpose. The time for appeal from this order and amended judgment has expired. The *West Park Realty Company* is bound by such determination and cannot now attack the same collaterally in this action.

(2) The fact that the plaintiff's predecessor accepted the amount which the *West Park Realty Company* paid into court to redeem the mortgaged property from the lien of the tax certificates held by him does not estop the plaintiff from asserting title under the tax deed held by his predecessor. Had the sum paid to redeem the land from these tax certificates included the amount of the certificate upon which the tax deed here in question was issued, a different question might have been presented.

*By the Court,*—Judgment affirmed.