OTTSTADT and others, Plaintiffs and Respondents, vs. JARDINE, Executor, and others, Defendants: PUGH and another, Defendants and Appellants: ENRIGHT and others, Defendants and Respondents.

*September 15—October 11, 1938.*

For the appellants there was a brief by *McGovern, Curtis & Devos* of Milwaukee, and oral argument by *H. K. Curtis.*

For the respondents there was a brief by *O'Meara & O'Meara* of West Bend, attorneys for the plaintiffs and respondents, and by *J. F. Renard* of West Bend, attorney for the defendants and respondents, Agnes Harrington Enright, A. P. Schaeffer and Ella Schaeffer, and oral argument by *Mr. Thomas O'Meara, Jr.,* and *Mr. Renard.*

FAIRCHILD, J.   The answer challenged the validity of a mortgage which was given pursuant to an order of the county court made in the course of the administration of the estate of A. M. Penney.   The executor addressed to the county court a petition in which he asked for authority to mortgage the real estate described, in order to pay debts arising out of the conduct of the business of the estate, and to pay operating expenses.   All interested parties were served with notice and Mrs. Pugh and Mrs. Townsend, the appellants, appeared at the appointed time.   The hearing was adjourned at their request and with the consent of all other parties.

At the adjourned date evidence was presented, and after a thorough discussion of all matters included in the petition, the court ordered that J. F. Jardine, as executor of the estate of A. M. Penney, be authorized and empowered "to borrow from the B. C. Zeigler & Company the sum of twenty thousand ($20,000) dollars—payable on or before five years with interest at not to exceed 6% per annum, and a bonus of four hundred dollars ($400), which said rate of interest and bonus shall include the cost of securing said loan, and is hereby authorized and empowered to execute such note or notes as may be necessary therefor, and secure the same by mortgage or mortgages upon all of the real estate of said estate."

The plaintiffs ask for the foreclosure of a mortgage given under that order and the appellants in support of their answer contend that the order of the county court is void because entered *coram non judice*. They argue that jurisdiction of the county court to authorize the giving of the mortgage is governed by the provisions of ch. 316, Stats. 1929, and that none of the conditions named in the various sections of that chapter were complied with.

The first difficulty encountered is that this is not a case in which the personal estate is insufficient to pay for the funeral and debts of the deceased, and expenses of the estate. It appears that under the supervision of the court, and with the consent of all interested persons, the estate was conducted by the executor as the deceased might have managed his own affairs if he were alive.

If the court acquired jurisdiction the order would not be void even if erroneously entered. Certainly it would not be open to collateral attack. The jurisdiction of the county court extends to the administration of estates and to all matters relating to the settlement of such estates. The will under which the proceedings were had provides for equitable

conversion of the real estate. The testator directed his executors to sell all items of his estate and to establish a trust fund. The title to the real estate never was in the devisee or heirs.

Attached to the answer is a copy of the will and of the petition to borrow and to execute a mortgage. The petition contains a recital that in accordance with the policy of and under the authority of those having an interest in the estate, the executor has been carrying on the business of the Palace Theater, that its operation was authorized by the court at the request of the heirs because it maintained the value of the building and of the business, and that by reason thereof there has been a continued loss to the estate.

Several orders of the county court relating to this matter were before this court in *Estate of Penney* (1937), 225 Wis. 455, 472, 274 N. W. 247, and the principles there dealt with are important here. As the court there said:

"A mere casual examination of the accounts filed by the executors and administrators, together with the other papers in the record, indicates that the county court had disclosed to it and knew precisely what the executors and administrators were doing. The various accounts show merchandise sales, farm sales, theater-ticket sales, wages, expenditures for merchandise, advertising, etc. It is obvious from these accounts that the executors and administrators were running the estate as a going business."

It appears that the whole matter here involved is of a nature so different from that of the matters to be cared for under ch. 316, Stats., that it has no application in the present case. That leaves to be determined only whether under the circumstances the county court has so far exceeded its jurisdiction in granting the order authorizing the giving of the mortgage as to require us to hold that the order was *coram non judice*. We are of the opinion that the trial court was right when it ruled that the county court had jurisdiction of

the subject matter and of the persons. *Hemmy v. Hawkins* (1899), 102 Wis. 56, 78 N. W. 177; *Lueft v. Lueft* (1906), 129 Wis. 534, 109 N. W. 652; *Gray v. Lord* (1938), 226 Wis. 403, 275 N. W. 432.

*By the Court.*—Order affirmed, and cause remanded for further proceedings according to law.