KEHL, Respondent, vs. BRITZMAN, Appellant.*

*February 5—March 6, 1951.*

* Motion for rehearing denied, with $25 costs, on May 8, 1951.

514

For the appellant there was a brief by *Randolph R. Conners* and *Frederick F. Hillyer,* both of Madison, and oral argument by *Mr. Hillyer.*

For the respondent there was a brief by *George A. Hartman* and *Leo C. Hartman,* both of Juneau, and oral argument by *Leo C. Hartman.*

FAIRCHILD, J. Had the fact of condonation and that the parties were continuing to live together as husband and wife during the pendency of the divorce proceedings been presented timely to the court, judgment of divorce would not have been granted.

In appellant's counterclaim there is in effect admission that he was served with a summons and complaint in the divorce action; that he accompanied his wife to the office of her attorney; that he entered into a stipulation providing, among other things, that she should have the homestead of the parties and its contents as a property settlement; that at the same time he executed a quitclaim deed so conveying the property. He also alleges that they continued to live together as husband and wife until she died in 1950, and states his belief to have been firmly fixed that the divorce judgment had been vacated and set aside. While this belief may excuse that much of his conduct, because of laches on his part it cannot now be relied on to set aside the judgment or as grounds for canceling the deed and reinstating his former interest in the property.

As appears from the statement of facts, the plaintiff in this ejectment action replied to this counterclaim but there-

after, with the consent of the court, withdrew the reply and interposed a general demurrer. It was agreed that the issues could best be presented by the withdrawal of the reply and the interposition of the demurrer. The demurrer was sustained, and the counterclaim was dismissed, and under the pleadings thus formed the court granted judgment confirming title in the plaintiff.

While it appears that the appellant in this action acted in the divorce proceedings without an attorney representing him, it is a fact that he executed a deed transferring this property to Anna Stark Britzman, which deed was recorded. The stipulation which he entered into before the divorce action was decided is not before us. We assume that it was in the usual form, providing that if the trial court found cause for and granted judgment to the wife, then the stipulation should be effective as a division of property. Certainly the appellant here, the defendant in the divorce action, could not have stipulated that his wife in any event might have a divorce. This may relieve him from the charge of being equally responsible with her for the fraud upon the court. However that may be, the judgment in the divorce action has become a valid judgment. There never was any appeal or effort on his part to have the matter reviewed or set aside. He had notice of the entry of the judgment. The deed has remained of record for several years. The judgment in the divorce action, of course, is now final, and the record before the trial court and here shows no extrinsic facts dehors the record of which the appellant may now avail himself in his effort to regain property which he voluntarily transferred to his former wife who is the grantor of the present possessor of the title. A valid judgment is not subject to collateral attack. The proceeding invoked here by the counterclaim is separate and distinct from a direct attack upon the judgment of divorce by appeal or other proceedings. *Werner v. Riemer* (1949), 255 Wis. 386, 403, 39 N. W. (2d) 457, 39 N. W.

(2d) 917; *Mason v. West Park Realty Co.* (1927), 193 Wis. 14, 213 N. W. 286; *Ottstadt v. Jardine* (1938), 229 Wis. 85, 281 N. W. 644; *Newcomb v. Ingram* (1933), 211 Wis. 88, 243 N. W. 209, 245 N. W. 121, 248 N. W. 171. The following statement from the opinion in *Cody v. Cody* (1898), 98 Wis. 445, 452, 74 N. W. 217, is in point here. In that case there were allegations charging fraud and imposition, and it is there said: "Upon collateral attack, the question is not whether the judgment was obtained by fraud, but whether it was rendered without jurisdiction." There is no fraud charged by appellant in his pleadings in the case at bar.

The order by the trial court sustaining the demurrer directed a dismissal of the counterclaim. We have considered the question of whether the appellant should have been permitted to plead over, but it is considered that this is a case where, on the record, it was the duty of the court to direct a final judgment dismissing the counterclaim. As we have said, there is no allegation or suggestion of fraud perpetrated upon the appellant. He knowingly consented to the transfer of the real estate. For eight years he did nothing to reacquire his interest in the property. His allegation that he believed the judgment had been set aside does not bring him into a position where he has any just claim to enforce. There being an absence of fraud or misrepresentation, the only inference to be drawn, if one might be, in his favor would be that he had reason to think she would give to him his former interest in the property, but this would be limited by the rules governing gifts. Assuming that she had promised to make this gift to him, this would not permit him to compel specific enforcement of that promise.

*By the Court.*—Judgment affirmed.

HUGHES, J. (*dissenting*). I am unable to agree with the majority opinion. There is nothing in the record which discloses the true situation, and I cannot believe that the facts

can be ascertained sufficiently to determine that the defendant has no possible claim to the property.

The plaintiff's complaint seeks possession of the premises and the sum of $200 for alleged unlawful possession for a period of four months. As stated in the court's opinion, the defendant and his wife built the home and occupied it together until the wife's death. The wife bequeathed it to her sister, the plaintiff, in her last will. If the defendant would be entitled to any equitable relief against his wife, if still living, then he would have equal rights against the plaintiff.

It is true that he quitclaimed his interest in the property to his wife, but only as a part of the settlement of a divorce action. I understand that the trial court concluded that he was entitled to no relief because he was guilty of a fraud upon the court in the divorce action.

This court finds no such fraud and certainly there can be none on his part. He merely defaulted and remained out of court. If any fraud was committed upon the divorce court, it was by the wife in testifying to facts which entitled her to a divorce judgment while withholding from the court facts (their continuing to live together as man and wife) which would defeat her right to a divorce.

The defendant had no attorney in the divorce case. He went with his wife to her attorney's office seven or eight days after the summons was served upon him, waived the time for filing answer, his right to answer and notice of hearing, and stipulated to a property settlement. He also gave the deed. He must have been somewhat uninformed as to his rights. The plaintiff now relies upon such conduct to wrest title from him.

The allegation in the counterclaim that he lived with his wife after the divorce "firmly believing" that she had had the divorce judgment set aside would warrant the inference that she had led him to that belief.

In any event, granting that the allegation is insufficient to state a cause of action, it does not affirmatively show that he has no possible cause for relief. In my opinion, upon sustaining the demurrer the court should have afforded the defendant an opportunity to plead any cause of action which may exist. I think the entry of final judgment upon the pleadings, and particularly the entry of a judgment which goes beyond the prayer for relief in the complaint and attempts to establish perfect title in the plaintiff, is unjustified and should be reversed.