STATE of Wisconsin, Plaintiff-Respondent,

v.

Alan B. BOUZEK, Defendant-Appellant.

Court of Appeals

*No. 91-2076-CR. Submitted on briefs February 5, 1992.—Decided April 2, 1992.*

(Also reported in 484 N.W.2d 362.)

For the defendant-appellant the cause was submitted on the briefs of *Ellen M. Frantz* of *Johns & Flaherty, S.C.,* of La Crosse.

For the plaintiff-respondent the cause was submitted on the brief of *Kenneth R. Kratz,* assistant district attorney, of La Crosse.

Before Eich, C.J., Gartzke, P.J., and Sundby, J.

EICH, C.J. We hold in this case that a person convicted of violating a harassment injunction contrary to sec. 813.125, Stats.,[1] may not collaterally attack the validity of the underlying injunction in a subsequent criminal prosecution for its violation.

The appellant, Alan Bouzek, consented to the issuance of the original injunction prohibiting him from having contact with the petitioner, C.A. He was charged with violating the injunction and entered into a negotiated plea agreement under which he pled guilty to the offense. He received an imposed-and-stayed twenty-month sentence and was placed on probation for a period of two years, conditioned upon serving ninety days in the county jail.

After sentencing, Bouzek filed a postconviction motion in which he sought to vacate the conviction and sentence on grounds that the underlying injunction was overly broad and had been improperly issued. The trial court denied the motion and Bouzek appeals.

He raises the same arguments on appeal and, acknowledging that his guilty plea waives all but juris-

---

[1] Section 813.125, Stats., authorizes the issuance of temporary restraining orders and injunctions prohibiting one person from "harass[ing]" another—including "[e]ngaging in a course of conduct or repeatedly committing acts which harass or intimidate another person and which serve no legitimate purpose." Section 813.125(1)(b). Violation of such an order or injunction is a misdemeanor carrying a fine of not more than $1,000 or imprisonment for not more than ninety days, or both. Section 813.125(7).

643

dictional defects in his conviction,[2] he asserts that such a defect exists here because the underlying injunction was overbroad and was issued upon inadequate findings of fact.

We do not address the merits of these arguments, however, because they constitute an impermissible collateral attack on the injunction.

In *Schramek v. Bohren,* 145 Wis. 2d 695, 429 N.W.2d 501 (Ct. App. 1988), we considered a similar challenge to a domestic abuse injunction issued under sec. 813.12, Stats. That statute authorizes the issuance of injunctions restraining acts of domestic abuse, as the term is therein defined and, like sec. 813.125, makes it a criminal (misdemeanor) offense to violate an injunction. The procedure is in all material respects the same as that found in sec. 813.125. Thus, while *Schramek* was a civil, not a criminal, case, its holding is equally applicable here.

The plaintiff in *Schramek*—who previously had been enjoined under sec. 813.12, Stats., from engaging in domestic abuse against her husband—later sued him (and others) asserting a variety of claims, including malicious prosecution and abuse of process. Because those claims (and certain others) were "based on the premise that the underlying injunction was invalid," we dismissed them as impermissible collateral attacks on the original order. *Id.* at 712-13, 429 N.W.2d at 508.

> A collateral attack is an "attempt to avoid, evade or deny the force and effect of a judgment in an indirect manner and not in a direct proceeding prescribed by law and instituted for the purpose of

---

[2]*See State v. Riekkoff,* 112 Wis. 2d 119, 122-23, 332 N.W.2d 744, 746 (1983) (guilty plea waives nonjurisdictional defects and defenses, including violations of constitutional rights).

vacating, reviewing, or annulling it." . . . For [plaintiff] to . . . request consideration in separate proceedings of any cause of action [based on the invalidity of the domestic abuse injunction] would be sanctioning a collateral attack on the order of another [ ]judicial body. [Her] only basis for [an] attack [on the injunction would be] if she had demonstrated fraud in the procurement of the injunctive order. *Id.* at 713, 429 N.W.2d at 508 [citations omitted].

Bouzek does not claim in this appeal that the original injunction was fraudulently obtained, nor did he seek appellate review of its issuance. Indeed, as indicated, he consented to its entry.

As we noted at the outset, the only way Bouzek can overcome his guilty plea to the charge is to show a jurisdictional defect in the criminal proceedings. He attempts to establish such a defect by collaterally attacking the validity of the underlying injunction. But, as we held in *Schramek,* he may not do so. *See also State v. Madison,* 120 Wis. 2d 150, 154, 353 N.W.2d 835, 838 (Ct. App. 1984) (collateral attack rule applicable to habitual offender proceedings); *Kehl v. Britzman,* 258 Wis. 513, 516, 46 N.W.2d 841, 842 (1951) (a valid judgment is not subject to collateral attack).

*By the Court.*—Judgment affirmed.