STATE of Wisconsin, Plaintiff-Respondent,

v.

Michael J. JANKOWSKI, Defendant-Appellant.

Court of Appeals

*No. 92–1935–CR–FT. Submitted on briefs December 18, 1992.—Decided December 30, 1992.*

(Also reported in — N.W.2d —.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Paul D. Literski* of Greenfield.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *William J. Roach,* assistant district attorney.

Before Nettesheim, P.J., Anderson and Snyder, JJ.

SNYDER, J.   Michael J. Jankowski appeals from a judgment of conviction for violating an extension of a domestic abuse injunction. Jankowski asserts that his conviction must be reversed because the extension was illegally granted. We agree and reverse the judgment.

In 1987, Jankowski's former wife, Anita Hess, obtained a two-year domestic abuse injunction prohibiting Jankowski from having contact with her. First

entered on June 10, 1987, the injunction was to last through June 9, 1989.

On June 7, 1989, Hess petitioned to have the injunction extended for an additional two years. The request was supported with a verified petition and documents alleging continued harassment and domestic abuse. Jankowski was given no notice of Hess' request for an extension and no hearing was held on the matter. Nevertheless, an extension was granted to last through June 8, 1991. Jankowski did not challenge the extension.

Jankowski later was charged with three violations of the extended injunction. He moved to dismiss the charges, alleging that the extended injunction was invalid because sec. 813.12(4), Stats., does not permit any injunction, even with an extension under this section, to exceed two years in length. The court denied the motion, stating that Jankowski's proffered interpretation was illogical and that, in its view, the statutory language was "intended to allow for [a] potential four year period of coverage." The three cases were consolidated for trial and Jankowski was found guilty. He appeals.

■ This case is governed by the domestic abuse injunction statute, sec. 813.12, Stats. The interpretation of a statute is a question of law and requires no deference to the trial court. *Hudson v. Janesville Conservation Club,* 168 Wis. 2d 436, 443, 484 N.W.2d 132, 134 (1992). The relevant portion of sec. 813.12 reads:

> **(4)** INJUNCTION. (a) A judge . . . may grant an injunction . . . if all of the following occur:
> 1. The petitioner files a petition alleging the elements set forth under sub. (5)(a).
> 2. The petitioner serves upon the respondent a copy of the petition and *notice* of the time for *hearing* on the issuance of the injunction . . ..

3. After hearing, the judge . . . finds reasonable grounds to believe that the respondent has engaged in, or based upon prior conduct of the petitioner and the respondent may engage in, domestic abuse of the petitioner.

(c) 1. An injunction under this subsection is effective according to its terms, *but for not more than 2 years. . . ..*

3. If the petitioner states that an extension is necessary to protect him or her, the court may extend the injunction *for up to 2 years after the date the court first entered the injunction.*

4. Notice need not be given to the respondent before extending an injunction under subd. 2 or 3. The petitioner shall notify the respondent after the court extends an injunction under subd. 2 or 3.

Section 813.12(4) (emphasis added).

■

Jankowski argues that his criminal conviction must be reversed because the underlying injunction, being a total of four years in length, is illegal. He argues that a total injunction period, including extension, cannot exceed two years. *See* sec. 813.12(4)(c), Stats. Since the total period here exceeded two years, Jankowski reasons that the extension actually was a new injunction. New injunctions must be preceded by notice and a hearing. *See* sec. 813.12(4)(a). Thus, Jankowski's appellate argument essentially is that the circuit court did not have the authority under sec. 813.12(4) to order the two-year extension. Like statutory interpretation, the question of judicial authority is an issue of law which we review *de novo. In re R.W.S.,* 162 Wis. 2d 862, 869, 471 N.W.2d 16, 19 (1991).

■

The state responds that Jankowski's reading of the statute renders sec. 813.12(4)(c)3, Stats., meaningless.

The state further contends that Jankowski's argument constitutes a collateral attack on the injunction. Such an attack is not allowed absent a showing of fraud in the procurement of the injunction. *State v. Bouzek,* 168 Wis. 2d 642, 644–45, 484 N.W.2d 362, 364 (Ct. App. 1992); *see also Schramek v. Bohren,* 145 Wis. 2d 695, 713, 429 N.W.2d 501, 508 (Ct. App. 1988). Jankowski makes no claim or demonstration of fraud.

The state's position would have merit if Jankowski's did not. In other words, if Jankowski is correct, his argument goes to the very lawfulness of the injunction. Nothing in *Bouzek* or *Schramek* suggests that the lower court illegally entered the injunctions in the first instance. Rather, the attacks on the injunctions were based on overbreadth of the injunction, *Bouzek,* 168 Wis. 2d at 643, 484 N.W.2d at 363, and the constitutionality of sec. 813.12, Stats., and the application of the injunction. *Schramek,* 145 Wis. 2d at 700, 429 N.W.2d at 502. Once the *Schramek* court affirmed the trial court's conclusion that the statute is constitutional, it held that the other challenges were impermissible collateral attacks. *Id.* at 712–13, 429 N.W.2d at 507–08.

Simply because the parties disagree on the meaning of the statute does not render the statute ambiguous. *See State ex rel. Girouard v. Circuit Court,* 155 Wis. 2d 148, 155, 454 N.W.2d 792, 795 (1990). Likewise, the trial court's conclusion that the statute's "plain language" permits a two-year injunction to be extended two years is not controlling because whether ambiguity exists is a question of law. *See id.* We conclude that the statute is unambiguous and that Jankowski's reading is correct.

Subsection (4)(c)3 of sec. 813.12, Stats., plainly and unambiguously states that the injunction may be extended "for up to 2 years *after the date the court first*

527

*entered the injunction.*" (Emphasis added.) Here, the court first entered the injunction on June 10, 1987. Had the court entered an injunction of some length less than two years, it could have responded to Hess' petition for an extension by extending the injunction for a term of up to two years *less* the length of the original injunction. Otherwise, as Jankowski argues, a petitioner conceivably could obtain a series of two-year extensions, all without the respondent being afforded pre-extension notice or a hearing. That is an unreasonable, and perhaps unconstitutional, result.

Thus, the court was without authority to extend the injunction beyond two years from the date the injunction first was entered. When a court acts in excess of its jurisdiction, its orders or judgments are void and may be challenged at any time. *Kohler Co. v. DILHR,* 81 Wis. 2d 11, 25, 259 N.W.2d 695, 701 (1977). The extended injunction thus is void. A void judgment cannot be validated by consent, ratification, waiver, or estoppel and may be attacked collaterally. *Id.*

Because the extended injunction is a nullity, it necessarily cannot serve as a basis for the criminal charges. Accordingly, the court should have granted Jankowski's motion to dismiss. We therefore reverse the judgment of conviction and remand with directions that the motion to dismiss be granted.

*By the Court.*—Judgment reversed and cause remanded with directions.