Cynthia L. Hoff, Petitioner-Respondent,
v.
Richard H. Golde, Respondent-Appellant.
No. 04-2316.
Court of Appeals of Wisconsin.
Opinion Filed: March 10, 2005.
Before Deininger, P.J., Dykman and Higginbotham, JJ.
¶1 PER CURIAM.
Richard Golde appeals an order granting Cynthia Hoff's petition for a domestic abuse injunction. The issue is whether the trial court properly granted an injunction based on the same evidence of domestic abuse used to grant Hoff an injunction two years earlier. We affirm.
¶2 The trial court granted Hoff an injunction in July 2002 based on evidence that Golde engaged in acts of domestic abuse during their relationship of several years. The injunction remained in effect until July 2004.
¶3 Hoff sought continued protection by commencing this proceeding, although she did not allege Golde had abused her after the court issued the first injunction. She stated, however, she believed she remained in danger because Golde often drove by her place of work, a law enforcement officer had recently interviewed her about a landlord-tenant dispute involving Golde and she anticipated testifying against him should he seek reinstatement of his chiropractic license.[1] Golde testified he had valid reasons to drive by Hoff's workplace and the trial court found no reason to believe Golde was doing so to harass her.
¶4 The court nevertheless granted the injunction based on the prior abusive conduct established in the July 2002 proceeding, and its conclusion that a potential danger of abuse remained because Hoff might someday testify against him. The court added that the potential danger was not the product of the domestic relationship but of the "knowledge relationship," presumably meaning Hoff's knowledge of Golde's chiropractic and other business affairs.
¶5 WISCONSIN STAT. § 813.12(4)(a)3 (2003-04)[2] provides that a judge may issue a domestic abuse injunction upon finding "reasonable grounds to believe that the respondent has engaged in, or based upon prior conduct of the petitioner and the respondent may engage in, domestic abuse of the petitioner." WISCONSIN STAT. § 813.12(4)(aj) directs the judge to "consider the potential danger posed to the petitioner and the pattern of abusive conduct of the respondent but may not base his or her decision solely on the length of time since the last domestic abuse or the length of time since the relationship ended."
¶6 Golde argues that under the statutes quoted above, the circuit court may issue only one injunction based on the same pattern of abusive conduct. In other words, without evidence of subsequent acts constituting domestic abuse, injunctive relief is only available to the petitioner, in Golde's view, for the statutory time limit, which is now four years. WIS. STAT. § 813.12 (4)(c).
¶7 We reject Golde's construction of WIS. STAT. §§ 813.12(4)(a)3 and 813.12(4)(aj). If the words of the statute are plain and contain no ambiguity, we apply their plain meaning. See Bruno v. Milwaukee County, 2003 WI 28, ¶20, 260 Wis. 2d 633, 660 N.W.2d 656. Here, the provision that "the judge ... may not base his or her decisions solely on the length of time since the last domestic abuse or the length of time since the relationship ended" has only one reasonable meaning: no matter how much time has expired, and regardless of intervening circumstances, the court must consider past acts of domestic abuse in assessing the potential danger of future abuse. That is what the trial court did here and reasonably concluded a potential danger remained given Hoff's potential involvement in Golde's legal and business affairs.
¶8 In so holding we note Golde's argument that State v. Jankowski, 173 Wis. 2d 522, 496 N.W.2d 215 (Ct. App. 1992), requires a different result. In Jankowski, we held that the circuit court could not extend a domestic abuse injunction beyond the statutory limit, which was then two years from the date the court granted it. Id. at 527. However, in so holding we construed a statute that allowed extensions without notice to the respondent and Jankowski in fact received neither notice nor a hearing before the court granted the extension. Id. at 525-28. Here, Hoff initiated a separate proceeding and provided notice to Golde. He then received an evidentiary hearing on the petition. Jankowski's limit on extending an injunction therefore does not apply
By the Court.  Order affirmed.
NOTES
[1] In addition to their domestic relationship, Hoff once worked for Golde in his chiropractic clinic.
[2] All references to the Wisconsin Statutes are to the 2003-04 version unless otherwise noted.