**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**April 14, 2020**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal Nos.    **2019AP274**
                       **2019AP275**
                       **2019AP276**

Cir. Ct. Nos.  **2018CV7**
                        **2018CV9**
                       **2018CV10**

**STATE OF WISCONSIN**

**IN COURT OF APPEALS**
**DISTRICT III**

---

NO. **2019AP274**

AURORA SUMMERHILL,

   PETITIONER-RESPONDENT,

V.

DENNIS M. LINS,

   RESPONDENT-APPELLANT.

---

NO. **2019AP275**

GABRIELLA SUMMERHILL,

   PETITIONER-RESPONDENT,

V.

DENNIS M. LINS,

---

**RESPONDENT-APPELLANT.**

---

**NO. 2019AP276**

**JENNIFER SUMMERHILL,**

**PETITIONER-RESPONDENT,**

**V.**

**DENNIS M. LINS,**

**RESPONDENT-APPELLANT.**

---

APPEALS from orders of the circuit court for Iron County: PATRICK J. MADDEN, Judge. *Order affirmed; orders reversed and cause remanded with directions.*

Before Stark, P.J., Hruz and Seidl, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. In these consolidated cases, Dennis Lins appeals from orders denying his motions for relief from harassment injunctions entered in favor of Jennifer, Aurora, and Gabriella Summerhill.[1] Lins contends the circuit court erred, for a number of reasons, in denying his motions.

---

[1] Aurora and Gabriella Summerhill are the minor children of Lins and Jennifer Summerhill. For the remainder of this opinion, we will refer to Jennifer Summerhill by her surname and Aurora and Gabriella by their given names.

¶2 We affirm the circuit court's denial of Lins' motion for relief from the injunction entered in favor of Summerhill on the grounds that, due to Lins' failure to timely appeal that injunction, we lack jurisdiction to consider Lins' appellate argument that insufficient evidence supported the injunction. We reverse the orders denying Lins' motions for relief from the injunctions granted in favor of Aurora and Gabriella, however, because the court failed to hold evidentiary hearings before granting the injunctions, and the injunctions are therefore void. We remand with instructions that those two injunctions be vacated.

## BACKGROUND

¶3 On January 18, 2018, Summerhill filed three separate petitions seeking harassment injunctions against Lins on behalf of herself, Aurora, and Gabriella. The petitions alleged that Summerhill had recently been contacted by Jennifer Geiss, Lins' former girlfriend, who informed Summerhill that Lins: had "been physically abusive" of Geiss, resulting in Lins being charged with multiple felonies and misdemeanors; "smokes pot and drives around high with Aurora and [Gabriella] in the car. Smokes pot in the house while both Aurora and Gabriella are there"; and "would not pick up after himself, leaving his apartment trashed."

¶4 The petitions further alleged that Summerhill had recently "realized that [Lins] has been making fake Facebook profiles." Summerhill claimed that Lins had used at least one of these fake profiles to "stalk[] me and my children." In addition, Summerhill stated that she "had an order of protection against Dennis Lins in 2008 for stalking and harassment," and that Lins violated that order by driving by Summerhill's house.

3

¶5     The circuit court entered temporary restraining orders on the same day Summerhill filed her petitions. The court then held an injunction hearing on January 29, 2018. At that hearing, the court called Iron County case No. 2018CV10 (the case corresponding to Summerhill's petition); the court did not, however, call Iron County case Nos. 2018CV07 or 2018CV09 (the cases corresponding, respectively, to Aurora's and Gabriella's petitions).

¶6     Lins and Summerhill appeared without counsel at the injunction hearing.[2] Summerhill provided sworn testimony at the injunction hearing that all of the information contained in her petition was accurate. When asked for her "proof," the transcript of the hearing indicates that Summerhill "presented her documents" to the court. No documents, however, were entered into evidence or provided to Lins.

¶7     After the circuit court posed a brief set of questions to Summerhill, the court asked Lins "what's your response to this?"[3] Lins attempted to explain that he and Summerhill were parties to an ongoing family court action in Illinois, which included Summerhill "frequently … trying to deny [Lins'] visits" with his daughters. The court refused to consider this information, telling Lins: "Let me tell you, sir. The judges in Illinois have nothing to say to the judges in Wisconsin. So whatever you have to say you have to say to me right now." Still, Lins tried to explain that the context of the proceedings in Illinois was important to

_____

[2] It is unclear from the transcript of the injunction hearing whether either Aurora or Gabriella were present. In any event, it is undisputed that neither child had a guardian ad litem (GAL) appointed to represent their best interests, nor did either child provide any testimony.

[3] We note that Lins was not sworn in at any time during the injunction hearing, nor did the circuit court afford him an opportunity to cross-examine Summerhill.

understanding "what has happened in the last two months." The court disagreed, telling Lins that he had "real difficulty focusing" and "you're here right now. You have a lot of difficulty understanding the facts."

¶8 The circuit court proceeded to ask Summerhill where she was currently living. When she responded that she lived in Mercer, Wisconsin, the court told her that "[t]he Illinois courts don't have jurisdiction over you and your children." Lins interjected, and the following exchange occurred:

> MR. LINS: Yeah, they do.
>
> THE COURT: [to Summerhill] You don't have to go to anything in Illinois.
>
> MS. SUMMERHILL: I realize that. I did hire an attorney. She's working on bringing the case [up] here, Anna Talaska.
>
> THE COURT: Anna Talaska.
>
> MS. SUMMERHILL: Yes, that's correct.
>
> THE COURT: I am satisfied by the statement of concerns which you have raised from this fellow and the Court's review of the legal difficulties that this fellow has created for himself, I am satisfied that he poses a threat to yourself and your children, and the Court grants the injunctions as requested for you and your children.

¶9 Lins did not move the circuit court to reconsider the injunctions, nor did he appeal the injunctions. Instead, on November 19, 2018, he moved the court for relief from judgment pursuant to WIS. STAT. § 806.07 (2017-18).[4] As pertinent here, Lins argued that the cases underlying the three injunctions should all be

---

[4] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

reopened, and that the injunctions should be vacated and dismissed due to a lack of due process.[5]  More specifically, Lins faulted the court for failing to receive any documents into evidence, and also for otherwise failing to develop a record that would allow for a meaningful review of the court's decisions.

¶10     At a hearing, the circuit court denied Lins' motions.  The court concluded, following arguments from both sides, that "I've heard lots of procedural arguments.  Which are not convincing to the fact that this Court has a responsibility to see that children who are residents of Iron County are safe.  And the determination I made then, is a determination I make now."  Lins now appeals.

## STANDARD OF REVIEW

¶11     Whether to grant relief from a judgment or order under WIS. STAT. § 806.07(1) is a decision within the discretion of the circuit court.  *Sukala v. Heritage Mut. Ins. Co.*, 2005 WI 83, ¶8, 282 Wis. 2d 46, 698 N.W.2d 610.  We will sustain a discretionary decision as long as a court examined the relevant facts, applied a proper standard of law, and used a rational process to reach a reasonable conclusion.  *Id.*

---

[5] Lins' motions raised numerous other arguments, many of which he again raises on appeal, including: (1) that Wisconsin lacked jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), *see* WIS. STAT. ch. 822, to make a custody determination involving Aurora or Gabriella; and (2) that the failure to appoint a GAL to represent Aurora's and Gabriella's best interests was "contrary to Wisconsin public policy." Given our disposition of these cases as they concern the injunctions granted in favor of Aurora and Gabriella, we need not address these arguments. *See Patrick Fur Farm, Inc. v. United Vaccines, Inc.*, 2005 WI App 190, ¶8 n.1, 286 Wis. 2d 774, 703 N.W.2d 707 (court of appeals decides cases on the narrowest possible grounds).

**DISCUSSION**

¶12    As a threshold matter, we note that because Lins undisputedly failed to timely appeal the injunctions issued against him in January 2018, the scope of our review is limited to determining whether the circuit court properly denied Lins' motions for relief from judgment under WIS. STAT. § 806.07.  This limited scope of review is jurisdictional; as a general matter, "[t]he filing of a timely notice of appeal is necessary to give the court jurisdiction over [an] appeal." WIS. STAT. RULE 809.10(1)(e).  Still, there are exceptions to this general rule: "A judgment or order which is void may be expunged by a court at any time.  Such right to expunge a void order or judgment is not limited by statutory requirements for re-opening, appealing from, or modifying orders or judgments." ***Kohler Co. v. DILHR***, 81 Wis. 2d 11, 25, 259 N.W.2d 695 (1977).

¶13    Here, Lins' appellate argument concerning the injunction granted in favor of Summerhill rests on his assertion that there was insufficient evidence introduced at the injunction hearing to support the injunction in the first instance. This argument is one that Lins was required to bring in a timely appeal of the original injunction order.  Again, Lins failed to appeal that order.  In addition, because this argument wholly fails to address the circuit court's exercise of discretion in denying Lins' motion to reopen, and because Lins also fails to argue that the Summerhill injunction was void at the time it was issued, we conclude we lack jurisdiction to consider Lins' argument.

¶14    Accordingly, we turn to the injunctions granted in favor of Aurora and Gabriella.  In contrast to Lins' appellate argument concerning the injunction granted in favor of Summerhill, he does contend in relation to these injunctions

7

both that the circuit court erred in denying his motions for relief from judgment and that the injunctions were void when issued. Specifically, Lins asserts that because the court never called a hearing for these two cases, "[t]he injunctions must be vacated and the action[s] dismissed per [WIS. STAT.] § 806.07 as they are void as the statutory requirements to issue on an injunction, namely holding a hearing and taking evidence, never occurred." We therefore have jurisdiction to consider Lins' argument, and, for the reasons that follow, we agree that the injunctions granted in favor of Aurora and Gabriella are void.

¶15    WISCONSIN STAT. § 806.07(1)(d) allows a court to reopen a judgment or order when it is "void." As relevant here, an injunction that is issued without adhering to statutory mandates is "void" and a "nullity." *See **State v. Jankowski***, 173 Wis. 2d 522, 527-28, 496 N.W.2d 215 (Ct. App. 1992).

¶16    Lins' assertion that the injunctions granted in favor of Aurora and Gabriella are void rests on his contention that the circuit court failed to comply with WIS. STAT. § 813.125(3)(c). That statute provides, in pertinent part, that:

> A judge or circuit court commissioner *shall hold a hearing* on issuance of an injunction within 14 days after the temporary restraining order is issued, unless the time is extended upon the written consent of the parties, extended under s. 801.58 (2m), or extended once for 14 days upon a finding that the respondent has not been served with a copy of the temporary restraining order although the petitioner has exercised due diligence.

*Id.* (emphasis added).

¶17    Lins argues the circuit court plainly failed to comply with this statutory requirement because it never held a hearing in the cases related to the issuance of the injunctions in favor of Aurora and Gabriella. He reasons: "The

8

court only called [Summerhill's] case for hearing. Lins verified this through attempting to obtain a transcript of any injunction hearing [for Aurora or Gabriella's cases, and] the court reporter indicates the children's cases were never called."

¶18 In response, Aurora and Gabriella concede Lins "is correct that, on the record, the court only called [Summerhill's case]."[6] Further, they acknowledge that "there is good reason—as evidenced in Mr. Lins' effort to find the transcript in this matter—for a court to clearly call every case." Nonetheless, they contend the requirements of WIS. STAT. § 813.125(3)(c) were satisfied because "the court clearly heard evidence and issued an order regarding all three cases."

¶19 We reject this argument for two reasons. First, it is unsupported by citation to any legal authority, and we therefore need not consider it. *See State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992). Second, and more importantly, it asks us to ignore how the circuit court's undisputed failure to call Aurora's and Gabriella's cases resulted in no record of any hearing being created in those cases. Therefore, on the records before us for those cases, we agree with Lins that the circuit court violated WIS. STAT. § 813.125(3)(c).

¶20 Consequently, the injunctions granted in favor of Aurora and Gabriella were void the moment they were issued. *See Jankowski*, 173 Wis. 2d at

---

[6] Aurora and Gabriella also argue that Lins forfeited any argument related to WIS. STAT. § 813.125(3)(c) when he did not object to the circuit court's failure to call Aurora's and Gabriella's cases for a hearing when the court called Summerhill's case. We agree with Lins, however, that it is impossible for a party to forfeit an objection at a hearing that never occurred, and therefore there was no forfeiture.

527-28. We therefore conclude the circuit court erroneously exercised its discretion by denying Lins' motions for relief from the injunctions in Aurora's and Gabriella's cases, as it is "the duty of the court to annul an invalid judgment." *See Kohler*, 81 Wis. 2d at 25. As such, we reverse and remand with instructions to vacate the injunctions granted in those cases.[7]

*By the Court.*—Order affirmed; orders reversed and cause remanded with directions.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[7] We note that, even if we were to accept Aurora's and Gabriella's argument that the circuit court effectively held a hearing in their cases, we agree with Lins that the court's denial of the motions for relief from judgment failed to apply the proper law to those cases—namely, the UCCJEA. To explain, at the outset of the hearing on the motions for relief, the court took judicial notice of the fact that, just one week prior, Lins and Summerhill had stipulated that "the Illinois Court had continuing exclusive jurisdiction over child custody determinations regarding Aurora Summerhill and Gabriella Summerhill." Yet, the court failed to address the numerous arguments Lins raised as to the effect this stipulation—and the UCCJEA in general—had on the court's jurisdiction to enter an order affecting Lins' custody rights. *See* WIS. STAT. §§ 822.02(3), 822.21-822.24. The court instead summarily dismissed all of Lins' arguments as "procedural," a conclusion which gave—at best—short shrift to the explicit purposes of the UCCJEA. *See* WIS. STAT. § 822.01(2)(a)-(f). Consequently, we would reverse the court's orders in Aurora's and Gabriella's cases and remand for consideration under the proper legal standard, even if we did not conclude that the injunctions were void due to the court's failure to adhere to WIS. STAT. § 813.125(3)(c).