STATE of Iowa, Appellee,

v.

**Demetrius Level BIRTH, Appellant.**

No. 98–1528.

Supreme Court of Iowa.

Jan. 20, 2000.

Linda Del Gallo, State Appellate Defender, and Robert P. Ranschau, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney General, John P. Sarcone, County Attorney, and Susan Cox, Assistant County Attorney, for appellee.

Considered by McGIVERIN, C.J., CARTER, NEUMAN, and CADY, JJ., and HARRIS,* S.J.

---

* Senior judge assigned by order pursuant to Iowa Code section 602.9206 (1999).

HARRIS, Senior Judge.

The district court allowed the State to use a deferred judgment to impeach a defense witness in this criminal prosecution. The ruling, allowing the evidence, is the sole issue in this appeal. Because we find no reason to interfere with the ruling, we affirm.

The State charged defendant Demetrius Level Birth with domestic abuse and related offenses. During trial Birth called his cousin, Jackie Franklin, who testified she went with the victim to the hospital after the incident where the victim claimed a group of women at a club had assaulted her. The witness also claimed she saw the victim and Birth together a few days after the beating. On cross-examination, and over Birth's objection, the State questioned Franklin concerning an offense of an accessory to a felony to which she pled guilty in a prior criminal prosecution against her. Although Franklin had received a deferred judgment following the guilty plea, the court ruled that evidence of her guilty plea was admissible to impeach her under Iowa rule of evidence 609.

In this appeal, following jury conviction and sentence, Birth contends the State should not have been allowed to use Franklin's deferred judgment to impeach her trial testimony because she received a deferred sentence and was in her probationary period at the time she testified.

■ The parties both assert our review is for an abuse of discretion. *See State v. Brodene,* 493 N.W.2d 793, 796 (Iowa 1992). It is certainly true that we review the trial court's evaluation of the probative value and prejudicial effect of evidence under rule of evidence 609 for an abuse of discretion. The question here however involves a legal interpretation of the rule which we review on error. *State v. Hubka,* 480 N.W.2d 867, 871 (Iowa 1992).

■ The question at issue is at about midpoint between two of our routine past holdings. The State defends the challenged ruling on the basis of our holding in *Brodene* where we held that a guilty plea alone, without judgment or sentence, amounted to a conviction for purposes of rule 609(a). *Brodene,* 493 N.W.2d at 797. Birth challenges the trial court holding on the basis of our opinion in *State v. Ege,* 274 N.W.2d 350 (Iowa 1979).[1] In *Ege* we held that a witness who has received a deferred judgment, and has completed the assigned period of probation, does not have a "conviction" for purposes of rule 609(a). *Id.* at 356. Because Franklin had received a deferred judgment, but was still on probation at the time she testified, the narrow question here is whether inquiring into the guilty plea was appropriate under *Brodene,* or inappropriate under *Ege.*

In common with the vast majority of legal issues we consider, plausible arguments can be made on both sides of the question, but we think the State has the better side of the dispute. Even if a pending probation on a deferred criminal judgment shows a likelihood of success, that success remains only a potentiality. The district court could not presume at such a point that a conviction would not occur. Until probation was completed, and the deferred judgment expunged, evidence of Franklin's guilty plea was appropriate for impeachment under rule of evidence 609(a). There was no error in the challenged ruling.

**AFFIRMED.**

---

1. *Ege* actually interpreted a statute, Iowa Code § 622.17 (1977), since repealed. For present purposes, we can pretend that *Ege* interpreted Iowa rule of evidence 609.