STATE of Wisconsin, Plaintiff-Respondent,†

v.

Rex E. WOLLENBERG, Defendant-Appellant.

Court of Appeals

*No. 03–1706–CR. Submitted on briefs November 24, 2003.—
Decided December 9, 2003.*

2004 WI App 20

(Also reported in 674 N.W.2d 916.)

† Petition to review denied 2-24-04.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Susan E. Alesia*, assistant state public defender, of Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Peggy A. Lautenschlager*, attorney general, and *Jeffrey J. Kassel*, assistant attorney general, of Madison.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. HOOVER, P.J. Rex Wollenberg appeals a judgment of conviction entered on his no contest plea to four counts of burglary as party to a crime and four counts of theft as party to a crime, as well as an order denying his postconviction motion to withdraw his plea. Wollenberg argues that he pled pursuant to a deferred prosecution agreement (DPA) that was defective because it failed to conform to the statutory requirements of Wis. Stat. § 971.39.[1] However, Wollenberg actually entered his plea pursuant to a plea agreement containing a condition of deferred entry of judgment on the burglary counts. A DPA and deferred entry of judgment are different procedures and therefore the statutory DPA mandates were immaterial. We therefore affirm the judgment and order.

## Background

¶ 2. In 1999, Wollenberg was originally charged with four counts of burglary, one count of felony theft, and one count of misdemeanor theft. Pursuant to a plea agreement, Wollenberg pled no contest to the four burglary counts and four misdemeanor theft counts, all as party to a crime, plus two unrelated counts in another case. Under the agreement, Wollenberg's sentence on the theft counts was withheld and he was placed on four years' probation for each count, running

---

[1] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

concurrently, and with 180 days' total jail time as a condition of probation. Entry of judgment on the burglary counts was to be deferred for six years, provided Wollenberg committed no additional crimes and abided by the terms of his probation.

¶ 3. When Wollenberg's probation was revoked, the State moved for entry of the deferred judgments. The court granted the motion, entering judgments of conviction on the four burglary charges and sentencing Wollenberg to concurrent eight-year prison terms on each count. Wollenberg filed a postconviction motion to withdraw his plea, claiming that he pled to a DPA that was void because it was not in writing. The court denied the motion by letter without a hearing stating there was no DPA, only a plea agreement. Wollenberg appeals.

### Discussion

██ █

¶ 4. To withdraw a plea after sentencing, a defendant must establish by clear and convincing evidence that failure to allow the withdrawal would result in manifest injustice. *See State v. Trochinski*, 2002 WI 56, ¶ 15, 253 Wis. 2d 38, 644 N.W.2d 891. To withdraw a plea, the defendant must first establish a prima facie case that the court violated Wis. Stat. § 971.08, the plea procedure statute, and allege that he or she did not understand the information the court should have provided at the plea hearing. *Id.*, ¶ 17.

¶ 5. Wollenberg alleges none of those errors[2] and even if he did, the record reveals an extensive plea colloquy. Wollenberg's argument is instead premised on

---

[2] In his reply brief, Wollenberg argues that pleading to a legally void agreement renders his plea unknowing. However,

two concepts: first, that he had a DPA with the State and, second, that the DPA was invalid because it was not in writing. Thus, he claims, the invalid DPA voids his judgment of conviction. Implicitly, therefore, he claims if his conviction is allowed to stand, it leads to a manifest injustice.

## I. There Was No DPA, Only a Plea Agreement.

¶ 6. Wollenberg presents no evidence, other than his own arguments, that there was a DPA under WIS. STAT. § 971.39.[3] Rather, the record establishes that he

this is premised on the belief that there was a DPA and that it was faulty. Because we conclude there was no DPA, this argument lacks merit.

[3] WISCONSIN STAT. § 971.39 reads:

(1) Except as provided in s. 967.055 (3), in counties having a population of less than 100,000, if a defendant is charged with a crime, the district attorney, the department and a defendant may all enter into a deferred prosecution agreement which includes, but is not limited to, the following conditions:

(a) The agreement shall be in writing, signed by the district attorney or his or her designee, a representative of the department and the defendant.

(b) The defendant admits, in writing, all of the elements of the crime charged.

(c) The defendant agrees to participate in therapy or in community programs and to abide·by any conditions imposed under the therapy or programs.

(d) The department monitors compliance with the deferred prosecution agreement.

(e) The district attorney may resume prosecution upon the defendant's failure to meet or comply with any condition of a deferred prosecution agreement.

entered a plea agreement with the State that contemplated a deferred entry of judgment on the more serious burglary charges.[4]

¶ 7. At the plea hearing, the court conducted a plea colloquy. Of particular import here, the court informed Wollenberg that it was not bound by the district attorney's recommendation. Specifically, the court informed Wollenberg: "In other words, I don't have to defer the entry of judgment. I could sentence you today . . . ."

¶ 8. Additionally, the court asked whether Wollenberg agreed to the proposed order for deferred entry of judgment. Wollenberg indicated he had reviewed the order the State prepared and approved its terms. The order states "that judgment of conviction be deferred for six (6) years" subject to certain conditions.

¶ 9. In short, the court as well as the State always spoke in terms of deferred entry of judgment, not

---

(f) The circuit court shall dismiss, with prejudice, any charge which is subject to the agreement upon the completion of the period of the agreement, unless prosecution has been resumed under par. (e).

(2) Any written admission under sub. (1)(b) and any statement relating to the crime under sub. (1) (intro.), made by the person in connection with any discussions concerning deferred prosecution or to any person involved in a program in which the person must participate as a condition of the agreement, are not admissible in a trial for the crime.

[4] For example, the district attorney informed the court at the plea hearing that Wollenberg

would be pleading no contest to each of the eight counts in the Information . . . .

Our agreement with regard to sentencing is that on each of the . . . burglary counts we would ask that . . . entry of a judgment of conviction be deferred for a period of six years. I have an order deferring the entry of judgment of conviction.

deferred prosecution. At no point did Wollenberg object or claim the agreement was for deferred prosecution. Wollenberg agreed to the order for deferred entry of judgment. Moreover, the court informed Wollenberg that it did not have to accept the deferral but could instead sentence Wollenberg immediately on the burglaries—something not contemplated as part of a DPA. A successful DPA results in dismissal of charges, not sentencing. *See* WIS. STAT. § 971.39(1)(f).

¶ 10. While Wollenberg argues that there is no legal difference between a deferred prosecution and a deferred entry of judgment, we disagree. The only statutorily mandated parties to a DPA are the State, the defendant, and the Department of Corrections. *See* WIS. STAT. § 971.39(1)(a). The department monitors compliance with the DPA, and in this case Wollenberg would be placed on probation for four years for the theft charges. That means, however, that because the entry of judgment on the burglaries would be deferred for six years, Wollenberg would be "on his own" for two years. This lack of supervision is also something not contemplated by the DPA rules.

■

¶ 11. Moreover, as the State observes, unlike a plea agreement that requires the court's acceptance, WIS. STAT. § 971.39 does not require court approval of the DPA.[5] The statute does not require the DPA be filed with the court or placed in the record, and does not even require that the court be notified that there is a DPA.

[5] We note that in practice, however, the court is sometimes asked to approve the agreement. The key, however, is that such involvement is not required.

Nothing in this record indicates the existence of any DPA, and Wollenberg's mere insistence that there was one does not make it true.

## II. Even if There is a DPA, Any Error Was Invited.

¶ 12. Second, assuming this was a DPA, Wollenberg claims the judgment is void because the agreement was never in writing. Wollenberg, however, invited the error he alleges, and we normally will not review invited error. *See Atkinson v. Mentzel*, 211 Wis. 2d 628, 642–43, 566 N.W.2d 158 (Ct. App. 1997).

¶ 13. As noted, Wollenberg failed to timely raise this issue in the trial court. That alone fails to preserve the issue for review. *See In re Eugene W.*, 2002 WI App 54, ¶ 13, 251 Wis. 2d 259, 641 N.W.2d 467. Instead, he expressly urged the court to adopt the terms of the plea agreement as recited by the prosecutor. He also agreed to the order deferring entry of judgment. The court followed the parties' joint recommendations, and under such circumstances we do not allow a defendant to cry foul on appeal. *See In re Shawn B.N.*, 173 Wis. 2d 343, 372, 497 N.W.2d 141 (Ct. App. 1992) (if error occurred, defense counsel invited it); *Zindell v. Central Mut. Ins. Co.*, 222 Wis. 575, 582, 269 N.W. 327 (1936) (appellant cannot complain of errors induced by appellant).

¶ 14. Wollenberg cites *State v. Jankowski*, 173 Wis. 2d 522, 528, 496 N.W.2d 215 (Ct. App. 1992), to support his claim that he cannot be convicted on the basis of a legal nullity. *Jankowski*, however, dealt with a different scenario. Jankowski was convicted of violating an injunction. However, the court had extended the

injunction beyond the time period allowed by statute and the injunction was therefore invalid. Because the injunction was void, it could not serve as a basis for a criminal conviction and we reversed.

¶ 15. Wollenberg fails to explain why the DPA, if there was one, should be declared void. His only justification is that the DPA was not in writing. This argument, however, focuses merely on a procedural deficit. Wollenberg makes no argument that he was unaware of any of the contemplated terms of his plea, and he makes no claim that he has been prejudiced by the failure to put the DPA in writing. Thus, there can be no manifest injustice. *See Trochinski*, 253 Wis. 2d 38, ¶ 15. His challenge is to form, not to substance, and there is no parallel to *Jankowski* in this situation. Unlike Jankowski's conviction, Wollenberg's burglary and theft charges are not invalid by operation of any statute of limitations.

### III. If the Trial Court Erred, the Error was Remedied

¶ 16. Finally, Wollenberg claims the court has no authority to defer an entry of judgment of conviction because (1) WIS. STAT. § 972.13(1) states that a "judgment of conviction shall be entered" upon a defendant's no contest plea; (2) WIS. STAT. § 961.47, the Uniform Controlled Substances Act, authorizes a trial court to defer a judgment and this explicit grant of power is unnecessary if the trial court has inherent authority to defer the entry of judgment; and (3) WIS. STAT. § 973.15(8) only allows the court to stay a sentence in three instances. We disagree with Wollenberg's statutory interpretations.

¶ 17. Statutory interpretation presents a question of law that we review de novo. *J.L. Phillips & Assoc. v. E & H Plastic Corp.*, 217 Wis. 2d 348, 354, 577 N.W.2d 13 (1998). The goal of statutory interpretation is to discern and give effect to the intent of the legislature. *County of Jefferson v. Renz*, 231 Wis. 2d 293, 301, 603 N.W.2d 541 (1999). We first look for that intent in the plain language of the statute. *Id.* If the meaning of the statute is plain and unambiguous, we cannot look beyond the language of the statute to determine its meaning. *City of Muskego v. Godec*, 167 Wis. 2d 536, 545, 482 N.W.2d 79 (1992). If the statute is ambiguous or unclear, this court may look to the legislative history and other extrinsic evidence to discern legislative intent. *Renz*, 231 Wis. 2d at 302.

¶ 18. WISCONSIN STAT. § 972.13(1) reads: "A judgment of conviction shall be entered upon a verdict of guilty by the jury, a finding of guilty by the court in cases where a jury is waived, or a plea of guilty or no contest." While it is possible to read this statute as mandating entry of judgment immediately following the verdict, finding, or plea, it is also possible to read it as saying the verdict, finding, or plea are conditions precedent to an entry of judgment of conviction. In other words, a judgment of conviction shall *not* be entered if there is no guilty verdict, guilty finding, or guilty or no contest plea. Thus, the statute is ambiguous and we therefore resort to resources outside the statute's language to determine its meaning. *Renz*, 231 Wis. 2d at 302.

¶ 19. The legislative history suggests the second interpretation is correct. The predecessor statute, WIS. STAT. § 959.01(1) (1967), stated that a person "*may be convicted* only upon a verdict of guilty by the jury, a

820

finding of guilty by the court . . . or a plea of guilty or nolo contendere." (Emphasis added.) Moreover, WIS. STAT. § 972.13(3) requires the judgment of conviction recite the sentence, but WIS. STAT. § 972.13(2) allows the court to adjourn proceedings before pronouncing sentence. In many cases, this gap is when a presentence investigation is conducted, often disclosing mitigating or aggravating factors that the court considers in determining the severity of punishment. As the State points out, this case effectively involved an adjournment of the case prior to sentencing. Without the sentence, judgment could not be entered, and it would not have been had Wollenberg complied with the terms of the plea agreement.

¶ 20. WISCONSIN STAT. § 961.47 states in relevant part, "Whenever any person who has not previously been convicted of any offense under this chapter . . . pleads guilty to or is found guilty of possession or attempted possession of a controlled substance . . . the court, without entering a judgment of guilt and with the consent of the accused, may defer further proceedings and place him or her on probation upon terms and conditions." Wollenberg contends this statutory authority is unnecessary if the trial court has the inherent authority to defer entry of judgment. As the State points out, however, § 961.47 is unique because it authorizes the deferral regardless whether the State consents. The statute makes no mention of a plea agreement between the State and the accused, which is the situation here.

¶ 21. Finally, Wollenberg refers to WIS. STAT. § 973.15(8), which says "The sentencing court may stay execution of a sentence of imprisonment or to the intensive sanctions program only" for legal cause, to impose probation, or for no more than sixty days.

However, this statute is irrelevant because there had been no sentence until after Wollenberg violated the plea terms and the State asked for entry of judgment.

¶ 22. In any event, even if there was error when the court failed to enter the judgment immediately following Wollenberg's plea, the defect was remedied when it revoked the deferment and entered the judgment on the burglary charges.

*By the Court.*—Judgment and order affirmed.