# IN THE SUPREME COURT OF IOWA

No. 13–0832

Filed June 20, 2014

**STATE OF IOWA,**

Appellee,

vs.

**NATHAN DANIEL OLSEN,**

Appellant.

Appeal from the Iowa District Court for Cedar County, Paul L. Macek, Judge.

A criminal defendant seeks interlocutory review of a district court order denying the defendant's motion to dismiss the trial information accusing the defendant of possession, dominion and control of firearms and ammunition as a convicted felon pursuant to Iowa Code section 724.26. **AFFIRMED.**

Alfred E. Willett and Keith J. Larson of Elderkin & Pirnie, P.L.C., Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, Heather R. Quick, Assistant Attorney General, Jeffrey L. Renander, County Attorney, and Tamra J. Roberts, Assistant County Attorney, for appellee.

**APPEL, Justice.**

Nathan Olsen pleaded no contest to a felony charge in Wisconsin, and the Wisconsin trial court deferred judgment. We must now consider whether Olsen was "convicted" of the felony charge in Wisconsin such that he could be charged with a violation of Iowa Code section 724.26, which prohibits convicted felons from possessing firearms in Iowa.

## I. Factual Background and Proceedings.

The State of Wisconsin charged Olsen with three crimes: second-degree sexual assault of a child, battery, and contributing to the delinquency of a child. In Wisconsin, second-degree sexual assault of a child, which involves sexual contact with a person under the age of sixteen, is a felony. *See* Wis. Stat. Ann. § 948.02(2) (2007–2008), http://docs.legis.wisconsin.gov/2007/statutes/preface/toc. The other two offenses are misdemeanors. *See id.* § 940.19(1) (battery); *id.* § 948.40(1), (4) (contributing to the delinquency of a child).

Olsen pleaded no contest to the offenses. At the subsequent plea hearing, the Wisconsin trial court explained to Olsen the elements of second-degree sexual assault of a child and asked Olsen if he understood the elements of the crime. Based on this inquiry, the Wisconsin court determined Olsen voluntarily entered his plea. When asked if Olsen could hunt, the Wisconsin court replied, "Yes he can. He's not convicted of a felony. It's not of record." The prosecuting attorney then described the effect of the proceeding as involving "[n]o disability that way at all," and the Wisconsin court replied, "No, if I accept his plea, then set it for sentencing, then." The Wisconsin court further stated, "We'll find him guilty, but it's not of record, though. No conviction will show up on that."

At the conclusion of the proceeding, the Wisconsin court declared:

> I will find his plea to be freely, knowingly, and voluntarily done. I'll enter a judgment of conviction for Counts Two and Three [(the misdemeanors)], find him guilty on both. On Count One [(the felony)], *I'll find him guilty*, but I will not enter the judgment of conviction at this time. I'll withhold entering that. I will approve the deferred judgment. I'll sign it.

(Emphasis added.). The Wisconsin court then indicated that Olsen understood what was required of him and instructed Olsen to contact his attorney or talk to his parents if he had any questions.

After the hearing, the Wisconsin trial court entered an order pertaining only to the felony offense. The order stated:

> The Court finds that there is an adequate factual basis to support this plea. . . .
>
> **IT IS HEREBY ORDERED THAT** *acceptance of the plea and adjudication for the offense be and is stayed* for four (4) years from 08/25/09, for full compliance with each and every term and condition of the probation instituted that date in connection with defendant's conviction of two (2) misdemeanor offenses and full compliance with each and every term of the [Deferred Judgment of Conviction].

(Emphasis added.).

The "Deferred Judgment of Conviction" (DJOC) referenced by the Wisconsin trial court is a document that was jointly filed by the State and Olsen the same day the order was filed. According to the DJOC, the Wisconsin court would refrain from entering an adjudication of guilt and a judgment of conviction for four years provided Olsen agreed to certain terms. The terms of the DJOC included that Olsen would be placed on probation for two years upon his conviction for the two misdemeanor offenses, his bail would remain in effect during the pendency of the agreement, he would not have contact with any unrelated female persons under the age of sixteen, he would obtain a sex-offender evaluation and

complete any recommended follow-up, he would pay restitution, revocation from probation would result in an adjudication of guilt and entry of judgment of conviction for the felony, the Wisconsin court would enter judgment of conviction if he was charged in any jurisdiction with any new criminal offense (except minor traffic violations and unless he prevailed in a contest of probable cause for the charge), and he would keep the clerk of court appraised of any and all changes in his home address. Olsen also acknowledged that by accepting the agreement, he was giving up the opportunity to raise any defenses at any time in the future. Thus, the probationary period for Olsen's two misdemeanor convictions ran for a two-year period beginning August 25, 2009, and the conditions of the DJOC extended for an additional two years. At the end of the four-year period, if Olsen met the conditions of the DJOC to the satisfaction of the prosecutor, then either Olsen or the prosecutor could move the court to vacate Olsen's felony plea and dismiss the pending charge.

On January 25, 2013, after expiration of the probationary period for the two misdemeanors, but before termination of the DJOC, the State of Iowa charged Olsen with a violation of Iowa's felon-in-possession statute, Iowa Code section 724.26 (2013). This provision provides:

> A person who is convicted of a felony in a state or federal court . . . and who knowingly has under the person's dominion and control or possession, receives, or transports or causes to be transported a firearm . . . is guilty of a class "D" felony.

Iowa Code § 724.26(1). A "felony" for purposes of the felon-in-possession statute is

> any offense punishable in the jurisdiction where it occurred by imprisonment for a term exceeding one year, but does not include any offense, other than an offense involving a firearm or explosive, classified as a misdemeanor under the laws of

the state and punishable by a term of imprisonment of two years or less.

*Id.* § 724.25(1).

According to the minutes of evidence in the Iowa case, Olsen attempted to purchase a shotgun in Coralville but did not pass the background check. He then had another individual purchase a shotgun for him. He and this individual had planned to use the shotguns to hunt deer. Although Olsen first claimed he had completed the paperwork and lawfully possessed the gun, he later admitted that another individual had purchased the gun for him.

Olsen filed a motion to dismiss the Iowa charge. In his motion he alleged the predicate Wisconsin felony was based upon a plea of no contest that resulted in a stay of plea proceedings. Therefore, according to Olsen, there was no conviction for purposes of Iowa Code section 724.26. In support of his argument, Olsen cited *State v. Deng Kon Tong,* 805 N.W.2d 599 (Iowa 2011). In *Deng Kon Tong,* we held that there is a predicate conviction for purposes of the felon-in-possession statute when a defendant pleads guilty to a felony, receives a deferred judgment, is placed on probation, and is still subject to the terms and conditions of probation. 805 N.W.2d at 603.

The district court denied Olsen's motion to dismiss. The district court noted the only difference between this case and the scenario in *Deng Kon Tong* was that Olsen entered a no contest plea that the Wisconsin court did not accept. Nonetheless, the Iowa district court noted the defendant in *Deng Kon Tong* was on probation pursuant to a deferred judgment, *see id.,* and so too was Olsen. The district court concluded that being placed on probation was a critical criterion for a conviction under the felon-in-possession statute.

The district court recognized the Wisconsin court had advised Olsen he could hunt while on probation. The district court further recognized this apparent misunderstanding about the law could lead to extreme consequences for Olsen, potentially including revocation of Olsen's Wisconsin deferred sentence and the imposition of the very serious penalties deferred by the Wisconsin court. Nonetheless, the district court believed it was bound by the law and could not rule based upon the equities of the case.

Olsen sought interlocutory appeal of the district court's denial of his motion to dismiss. We granted the interlocutory appeal.

**II. Standard of Review.**

We review the denial of a motion to dismiss for errors at law. *See, e.g.*, *U.S. Bank v. Barbour*, 770 N.W.2d 350, 353 (Iowa 2009). Review of issues of statutory interpretation is likewise for errors at law. *E.g.*, *State v. Stephenson*, 608 N.W.2d 778, 783 (Iowa 2000).

**III. Discussion.**

**A. Positions of the Parties.**

1. *Olsen.* On appeal, Olsen recognizes that under *Deng Kon Tong*, an *Iowa* deferred judgment may be a "conviction" under Iowa Code section 724.26. *See* 805 N.W.2d at 603. He asserts that acceptance of the guilty plea under the Iowa law related to deferred judgments is the lynchpin of the *Deng Kon Tong* decision. Olsen cites Iowa Code section 907.3(1), which provides: "[T]he trial court may, upon *a plea of guilty*, a verdict of guilty, or a special verdict upon which a judgment of conviction may be rendered, . . . [defer judgment] . . . ." (Emphasis added.). Thus, according to Olsen, a plea of guilty is a prerequisite under Iowa law for a deferred judgment. Olsen argues an Iowa deferred judgment is a predicate conviction for purposes of Iowa's felon-in-possession statute

"because the trial court must first find a factual basis to accept a plea of guilty or guilty verdict."

Olsen then contrasts the Wisconsin deferred judgment proceeding in his case with that in *Deng Kon Tong.* Olsen argues that unlike the defendant in *Deng Kon Tong,* Olsen did not enter a guilty plea in the Wisconsin proceeding. Olsen notes that he instead entered a plea of no contest. He further asserts that judicial acceptance of his no contest plea was stayed by the district court. Thus, according to Olsen, the result of the Wisconsin proceeding does not meet the criteria in *Deng Kon Tong* for a conviction because guilt was not "established either through a plea or a trial verdict." *Deng Kon Tong,* 805 N.W.2d at 601; *accord State v. Kluesner,* 389 N.W.2d 370, 372 (Iowa 1986).

Elaborating on his argument, Olsen argues the determinative disparity between *Deng Kon Tong* and this case is that in *Deng Kon Tong,* the defendant entered a plea of guilty, 805 N.W.2d at 600, while here, Olsen entered a no contest plea. Olsen points out that the *Deng Kon Tong* court cited *State v. Birth,* 604 N.W.2d 664 (Iowa 2000). *See Deng Kon Tong,* 805 N.W.2d at 603. In *Birth,* the court held a guilty plea for a deferred judgment may be used for impeachment purposes until probation is completed. 604 N.W.2d at 665. Olsen argues, however, that the Iowa Rules of Evidence treat guilty pleas and no contest pleas differently. *See, e.g.,* Iowa R. Evid. 5.609(*a*) (stating general rule regarding impeachment by evidence of conviction of crime); *id.* r. 5.803(22) (stating a "plea of nolo contendere" may not be admitted whereas a guilty plea may be admitted as a hearsay exception). Therefore, Olsen contends, the path a defendant takes to the status of being on probation matters under Iowa law.

Olsen further sees factual differences between *Deng Kon Tong* and this case. In *Deng Kon Tong*, the defendant was in possession of a sawed-off shotgun that posed an immediate threat to society. *See* 805 N.W.2d at 600. By contrast, Olsen claims he simply possessed a legal shotgun the Wisconsin court stated he could possess. Olsen argues application of Iowa's felon-in-possession statute to him would lead to the kind of unintended consequences pointed out by Justice Wiggins's special concurrence in *Deng Kon Tong*. *See id.* at 604–05 (Wiggins, J., concurring specially).

2. *The State.* The State emphasizes that in the Wisconsin proceedings, the court determined at the hearing that Olsen knowingly, voluntarily, and intelligently entered a plea of no contest to the felony charge and that the Wisconsin court's written order states "there is an adequate factual basis to support this plea." As a result, the State argues the case is not distinguishable from *Deng Kon Tong*—both cases involve entering a plea and a subsequent deferred judgment. *See id.* at 600. The fact that the plea was a no contest plea, according to the State, is irrelevant. The State cites *State v. Black,* in which the Wisconsin Supreme Court noted that "a no contest plea is 'an implied confession of guilt for the purposes of the case to support a judgment of conviction and in that respect is equivalent to a plea of guilty.'" 624 N.W.2d 363, 370 (Wis. 2001) (quoting *Lee v. Wis. State Bd. of Dental Exam'rs*, 139 N.W.2d 61, 63 (Wis. 1966)).

The State further claims it is unnecessary for the district court to accept a plea in a deferred-judgment context. According to the State, under the broad reading of *Deng Kon Tong*, a deferred judgment is a conviction when guilt is established through a plea. *See* 805 N.W.2d at 603. The State argues Olsen entered his plea, admitted the factual basis

for the felony, and the Wisconsin court found that a factual basis for the felony existed.  That, according to the State, is enough.

Finally, the State argues the facts cited by Olsen have no bearing on the outcome of this case.  Specifically, the State asserts the fact the Wisconsin judge advised Olsen that he could hunt does not change the legal issue posed in this case.  In addition, the State claims the fact the defendant in *Deng Kon Tong* carried a sawed-off shotgun, *see id.* at 600, while Olsen carried only an ordinary shotgun, makes no difference to the outcome of this case.  To the extent extrinsic facts are relevant, the State notes that according to the minutes, Olsen did not at first get out of bed when the officers arrived at his residence and then claimed to have completed background papers and been approved to purchase the gun, only later to admit that in fact another individual had purchased the gun for him.

**B. Analysis.**  The sole legal issue in this case is whether the proceedings in Wisconsin constitute a felony conviction sufficient to trigger the prohibitions of Iowa Code section 724.26.

1. *Relevant Iowa caselaw.*  We begin our discussion with reviewing our most recent case in the area, *Deng Kon Tong.*  In this case, we were called upon to determine whether Deng Kon Tong was "convicted" for purposes of section 724.26 as a result of pleading guilty to one count of burglary in the second degree and receiving a deferred judgment and three years' probation pursuant to Iowa Code sections 901.5 and 907.3. 805 N.W.2d at 600–01.

We began our analysis in *Deng Kon Tong* with a review of Iowa's felon-in-possession statute, which provides:

> "A person who is *convicted of a felony* in a state or federal court, or who is adjudicated delinquent on the basis of conduct that would constitute a felony if committed by an

adult, and who knowingly has under the person's dominion and control or possession, receives, or transports or causes to be transported a firearm . . . is guilty of a class 'D' felony."

*Id.* at 601 (emphasis added) (quoting Iowa Code § 724.26(1)).

In considering the meaning of "convicted," we noted in *Deng Kon Tong* that our cases recognized two different definitions of the term, one general and popular and a second more technical. *Id.* We noted that under the general and more popular meaning, "convicted" means " 'establishment of guilt prior to and independently of judgment and sentence by a verdict of guilty or a plea of guilty.' " *Id.* (quoting *Kluesner*, 389 N.W.2d at 372). On the other hand, a second definition of "convicted" is more technical and refers to " 'the final consummation of the prosecution against the accused including the judgment or sentence rendered pursuant to an ascertainment of his guilt.' " *Id.* (quoting *Kluesner*, 389 N.W.2d at 372).

We noted that as a general proposition, our cases used the general and popular definition of "conviction" when the purpose of the statute was to protect the community, but when the purpose was to punish, we used the narrower definition. *See id.* ("Historically we have treated a deferred judgment as a conviction when the purpose of the statute was to protect the community, but not when the statute's purpose was to increase punishment."). In the context of Iowa Code section 724.26, however, we noted that this distinction had limited utility, as the purpose of the statute appears to be both to protect the public and to impose punishment. *Id.* at 602.

We next turned back to the language of Iowa Code section 724.26, noting that juvenile adjudications were expressly included within the scope of the term "convicted." *Id.* The inclusion of youths with juvenile adjudications as persons convicted of a felony suggested that the

legislature intended the statute to cover persons who had engaged in certain conduct. *Id.* Nonetheless, we noted that "[w]e have on occasion adopted the compromise view that a deferred judgment remains a conviction until the defendant successfully completes his or her term of probation." *Id.* at 603; *see also Birth,* 604 N.W.2d at 665 (holding that "[u]ntil probation was completed, and the deferred judgment expunged," a guilty plea could be used for impeachment purposes).

As a result of the above analysis, we concluded in *Deng Kon Tong* that a deferred judgment, where the defendant had not completed his term of probation, was a conviction for purposes of section 724.26. 805 N.W.2d at 603. We did not expressly decide the question of whether a defendant who had completed his probation was convicted of a felony, but noted that under Iowa Code section 724.27, the provisions of section 724.26 do not apply where " '[t]he person's conviction for a disqualifying offense has been expunged.' " *Id.* at 603 n.2 (quoting Iowa Code § 724.27(1)(*c*)).

The result in *Deng Kon Tong* was not entirely satisfying for all members of the court. In a special concurrence, Justice Wiggins, joined by Justice Zager, noted that our prior decisions held "a defendant's guilty plea in anticipation of the court granting the defendant a deferred judgment is a conviction for the purpose of enhancing a defendant's punishment." *Id.* at 604 (Wiggins, J., concurring specially). As a result, Justice Wiggins concurred on the basis of stare decisis. *Id.*

Justice Wiggins added, however, that he was sure "the legislature did not intend to restrict a person who entered a guilty plea on a felony charge in anticipation of the court granting that person a deferred judgment from owning a gun or hunting in Iowa." *Id.* In light of the unintended consequences of the caselaw, Justice Wiggins urged the

legislature to revisit the statute, noting that criminal defendants should not be forced to guess which collateral consequences might attach to their innocent actions after the court enters a guilty plea, grants a deferred judgment, and they successfully complete probation. *Id.* at 604–05.

We have also considered several other issues under Iowa's felon-in-possession statute. We have held, for instance, that whether a predicate felony from another state qualifies under Iowa Code section 724.26 depends upon whether that state's punishment qualifies as a felony under Iowa's statutory definition of "felony." *See State v. Sanborn*, 564 N.W.2d 813, 816 (Iowa 1997). Thus, the fact that another state may label a crime a "felony" is not determinative. We have also held that a defendant's knowledge that he was a felon is not required for purposes of conviction under the statute. *See Saadiq v. State*, 387 N.W.2d 315, 323 (Iowa 1986).

2. *Wisconsin authority.* We begin by noting that Olsen does not claim that the underlying sexual offense would not qualify as a felony under Iowa law. The only question posed in the appeal is whether he was "convicted" of the offense for purposes of Iowa Code section 724.26.

Neither party has cited, and we have not found, any express statutory authorization of deferred judgments in Wisconsin such as occurred in this case. The procedure, however, has been recognized in Wisconsin courts. For example, in *State v. Wollenberg*, the Wisconsin trial court entered an order deferring judgment on four counts of burglary for six years provided the defendant successfully completed four years' probation and committed no additional crimes. 674 N.W.2d 916, 918 (Wis. Ct. App. 2003). The defendant attempted to withdraw his plea, arguing among other things, that he was in fact subject to a deferred

*prosecution* agreement. *Id.* at 918–19. The *Wollenberg* court distinguished deferred prosecution from deferred judgment. *Id.* at 919–20. In a deferred prosecution, the only parties to the agreement are the defendant, the state, and the department of corrections. *Id.* at 920. There is no court involvement. *See id.* In *Wollenberg*, the court found that the defendant was subject to a deferred judgment, not a deferred prosecution. *Id.*

We also note that Wisconsin appellate courts have struggled with the meaning of the term "conviction." For example, for purposes of a recidivist-repeater statute, the Wisconsin appellate courts have held "that once the court has accepted a guilty plea or verdict, the 'conviction' becomes sufficiently final to trigger the operation of the repeater statute." *State v. Wimmer*, 449 N.W.2d 621, 625 (Wis. Ct. App. 1989). On the other hand, the Wisconsin Supreme Court has held that a deferral of conviction is "neither a judgment nor [an] order in the nature of a judgment that is [subject to direct appeal]." *State v. Ryback*, 219 N.W.2d 263, 266 (Wis. 1974). Wisconsin's approach in *Ryback* and *Wimmer* recognizes the different uses of the term "conviction" depending upon context and is strikingly similar to our discussion of the variable meaning of the term in *Deng Kon Tong* and *Daughenbaugh v. State*. *Compare Ryback*, 219 N.W.2d at 266, *and Wimmer*, 449 N.W.2d at 625, *with Daughenbaugh*, 805 N.W.2d 591, 597 (Iowa 2011), *and Deng Kon Tong*, 805 N.W.2d at 601–02. We have, however, found no reported decision that considered whether a plea of no contest and the entry of a deferred judgment amounts to a "conviction" under the Wisconsin felon-in-possession statute, Wisconsin Statutes Annotated section 941.29(1)(a).

3. *Federal felon-in-possession statute.* The federal felon-in-possession statute, 18 U.S.C. §§ 921–31 (2012), was originally enacted as part of the Omnibus Crime Control and Safe Streets Act, Pub. L. No. 90-351, § 1201, 82 Stat. 197. In 1983, the United States Supreme Court in *Dickerson v. New Banner Institute, Inc.* held that an Iowa defendant who pleaded guilty to an offense that was later expunged was nevertheless "convicted" for purposes of the Act. 460 U.S. 103, 115, 103 S. Ct. 986, 993, 74 L. Ed. 2d 845, 855–56 (1983), *superseded by statute*, Firearm Owners' Protection Act, Pub. L. No. 99-308, 100 Stat. 449, *as recognized in Logan v. United States*, 552 U.S. 23, 27–28, 128 S. Ct. 475, 479–80, 169 L. Ed. 2d 432, 438 (2007). In *Dickerson*, the Supreme Court noted that whether one has been "convicted" for purposes of the gun-control statute is a question of federal law, not state law. 460 U.S. at 111–12, 103 S. Ct. at 991, 74 L. Ed. 2d at 853–54. The Supreme Court noted that a federal standard for convicted under the statute produced national uniformity unaffected by varying state laws, procedures, and definitions of "conviction." *Id.*

In 1986, however, Congress amended the federal felon-in-possession statute to provide that what constitutes a conviction for purposes of the statute should be determined in accordance with the law of the jurisdiction in which the proceedings were held and that " '[a]ny conviction which has been expunged, or set aside or for which a person has been pardoned or had civil rights restored shall not be considered a conviction.' " *Beecham v. United States*, 511 U.S. 368, 369, 374, 114 S. Ct. 1669, 1670, 1672, 128 L. Ed. 2d 383, 387, 389–90 (1994) (quoting 18 U.S.C. § 921(a)(20) (1994)) (describing amendment as appearing to be in reaction to *Dickerson*); *United States v. Tankersley*, 269 F. Supp. 2d 1178, 1184 (D. Neb. 2003) (same). Where federal statutes do not provide

that state law controls, however, the "federal rather than state law defines 'conviction.'" *See United States v. Gomez*, 24 F.3d 924, 930 (7th Cir. 1994); *accord United States v. Meraz*, 998 F.2d 182, 183 (3d Cir. 1993); *United States v. Campbell*, 980 F.2d 245, 250 n.6 (4th Cir. 1992).

Iowa has adopted a provision stating that a person whose civil rights have been restored or whose offense has been expunged is not convicted under the felon-in-possession statute. *See* Iowa Code § 724.27. Iowa has not, however, adopted language similar to the federal language in 18 U.S.C. § 921(a)(20) (2012), stating that the definition of "conviction" is determined by reference to the "law of the jurisdiction in which the proceedings were held."

4. *Analysis.* Applying the principles of *Deng Kon Tong* to this case, we note that the Wisconsin district court did in effect accept the no contest plea on the record by declaring "On Count One [(felony sexual abuse)], I'll find him guilty, but I will not enter the judgment of conviction at this time." At the hearing, the district court further found that the plea was "voluntarily done."

Further, the DJOC, which is incorporated into the district court's written order, contains unequivocal language stating that the agreement "shall have the effect of eliminating any opportunity [Olsen may have] to raise any defenses . . . at any time in the future." The DJOC further states that upon the end of the four-year term of the agreement, either the district attorney or Olsen "may move the court to vacate the felony plea and dismiss the pending charge with prejudice."

Upon the filing of the DJOC, the trial court entered an order, stating that the court found an adequate factual basis to support the plea with respect to Count One (the felony charge) and declaring that "acceptance of the plea and adjudication for the offense . . . is stayed" for

four years "for full compliance" with the terms of probation imposed by the court as a result of Olsen's convictions of the two misdemeanors and compliance with the terms of the DJOC for a period of four years.

From the record of the Wisconsin proceedings, we draw several conclusions. First, the district court in Wisconsin plainly accepted the guilty plea on the record, found it had a factual basis and was voluntarily entered, and then stayed the effect of the guilty plea, along with adjudication. Thus, a conviction in the general sense, as that term is defined in *Deng Kon Tong*, 805 N.W.2d at 601, occurred in this case. Further, although the two-year term of probation arising from the misdemeanor convictions had expired at the time of the filing of the Iowa charge, the terms of the DJOC were still in effect. Although the DJOC may not have involved supervision by a probation officer, it nonetheless imposed restrictions upon Olsen's conduct. Thus, although perhaps not precisely on point, the conviction falls comfortably within the holding in *Deng Kon Tong* that a guilty plea entered upon a deferred judgment and prior to the successful completion of probation, or expungement of the disqualifying offense, is a conviction for purposes of the statute. *See id.* at 603.

Unlike federal law, Iowa law does not contain an explicit provision requiring that we look to the law of the prosecuting state to determine if a conviction has occurred. The holding in *Sanborn* indicates that Iowa's definition of "felony" (exceeding one year imprisonment) in Iowa Code section 724.25 is controlling and not the mere fact that a crime is labeled a "felony" under the law of another state. *See* 564 N.W.2d at 816. Further, it is logical that Iowa's definition of "conviction" should also be based on a functional assessment of Iowa law; namely, whether the out-of-state proceeding is the equivalent of an Iowa proceeding that would be

considered a conviction under Iowa law. Otherwise, the Iowa felon-in-possession statute would not be subject to uniform application. Determination of guilt or innocence, where the proceedings in another state are functionally identical, could turn on the definitional vagaries of out-of-state law which, as this case demonstrates, is often difficult to ascertain.

The above principles were well illustrated in *State v. Menard*, 888 A.2d 57, 61 (R.I. 2005). In *Menard*, the Rhode Island Supreme Court held that its felon-in-possession statute clearly required the application of Rhode Island law in interpreting which out-of-state convictions qualified as predicate offenses. *Id.* According to the Rhode Island court, a contrary approach "implies the rather unlikely proposition" that the legislature "intended to subordinate Rhode Island penal law and its accompanying policies to the various criminal laws and court systems of the several jurisdictions." *Id.*

But even if Wisconsin law is applicable in determining whether a conviction is present, we think our approach in *Deng Kon Tong* is consistent with Wisconsin law. In *Wollenberg*, the Wisconsin appellate court distinguished between a deferred prosecution and a deferred judgment. 674 N.W.2d 916, 919–20. Clearly, this case does not involve a deferred prosecution, which does not require court involvement at all, but a deferred judgment, in which judicial intervention is an essential ingredient.

Further, the Wisconsin appellate courts, like in *Deng Kon Tong*, have recognized that the term "conviction" may have a different meaning depending on context. *Compare Ryback*, 219 N.W.2d at 266, *with Wimmer*, 449 N.W.2d at 625. We have been unable to find any appellate support in Wisconsin for the trial court's view that the deferred judgment

of conviction in this case did not amount to a "conviction" for purposes of Wisconsin's felon-in-possession statute.

Olsen argues, however, that the principles of *Deng Kon Tong* do not apply because he entered a plea of no contest rather than a plea of guilty. It is true, as Olsen points out, that some of our rules of evidence distinguish between convictions based upon a plea of guilty and convictions based upon a no contest plea. *See, e.g.,* Iowa R. of Evid. 5.410(2) (indicating evidence of a plea of nolo contendere not admissible in any subsequent criminal or civil proceedings); Iowa R. Evid. 5.803(22) (noting plea of nolo contendere is not admissible as a hearsay exception).

Generally, the majority rule seems to be that while a plea of nolo contendere is not an admission of guilt, the fact of conviction upon a plea may be shown in a latter proceeding. *See generally* C.T. Drechsler, Annotation, *Plea of Nolo Contendere or Non Vuit Contendere*, 89 A.L.R.2d 540, at 540–612, Supp. 459–623 (1963 and Later Case Service (2009)) (collecting cases regarding the nature of pleas of nolo contendere). Neither party has directed us to any Iowa authority on the issue. As the State has pointed out, however, the Wisconsin Supreme Court has said that "a no contest plea is 'an implied confession of guilt for the purposes of the case to support a judgment of conviction and in that respect is equivalent to a plea of guilty.'" *Black*, 624 N.W.2d at 370 (quoting *Lee*, 139 N.W.2d at 63). While this case does not involve a "judgment of conviction," it does involve a conviction in the sense of the word as applied in *Deng Kon Tong.*

There is limited caselaw on the specific question of whether a plea of no contest may be used to support a conviction under a felon-in-possession statute from other jurisdictions. In *State v. Holmes*, the Kansas Supreme Court held that a plea of nolo contendere provided a

sufficient basis for a conviction under the Kansas felon-in-possession statute. 563 P.2d 480, 482 (Kan. 1977). The Colorado Supreme Court came to a similar conclusion in *People v. Drake*, 785 P.2d 1257, 1272 (Colo. 1990). *Holmes* and *Drake* stand for the proposition that while a plea of nolo contendere cannot be used as an admission for purposes of the rules of evidence, the plea results in a conviction just as a guilty plea. *Cf. United States v. Jones*, 910 F.2d 760, 761 (11th Cir. 1990) (holding that a plea of nolo contendere with adjudication withheld is a conviction for purposes of federal sentencing guidelines); *United States v. Bruscantini*, 761 F.2d 640, 641 (11th Cir. 1985) (nolo contendere with adjudication of guilt withheld is a conviction under 18 U.S.C. § 922(b) (1982)), *superseded by statute on other grounds*, Firearm Owners' Protection Act, Pub. L. No. 99-308, 100 Stat. 449, *as recognized in United States v. Fernandez*, 234 F.3d 1345, 1347 n.2 (11th Cir. 2000).

There is, however, some contrary authority. For instance, in *Blackmon v. State*, the Georgia appellate court concluded that a nolo contendere plea cannot serve as proof of a prior conviction under Georgia's felon-in-possession statute. 598 S.E.2d 542, 544 (Ga. Ct. App. 2004). In *Blackmon*, the court applied a Georgia statute that expressly states that " 'a plea of nolo contendere *shall not* be used against the defendant in any other court or proceedings as an admission of guilt or otherwise or for any purpose.' " *Id.* (quoting Ga. Code Ann. § 17-7-95(c) (2013), http://www.lexisnexis.com/hottopics/gacode/Default.asp).

We agree with the approach in *Holmes* and *Drake.* The question we face is not what evidentiary impact should result from the no contest plea, but whether the acceptance of the plea and a determination of guilt made by the trial court results in Olsen being convicted of a felony under the felon-in-possession statute. We do not think there are hard

convictions and soft nonconvictions when a plea bargain leads to a judicial finding of guilt. *See Lee*, 139 N.W.2d at 63 (citing secondary sources regarding same). All judicial findings of guilt pursuant to the plea bargaining process are convictions under the general and popular use of the term.[1]

In short, we do not use the no contest plea as evidence of anything, but instead focus on what the Wisconsin district court did in this case upon receipt of the no contest plea. And we think that the Wisconsin court made a determination of guilt sufficient to meet the requirements of "convicted" under our felon-in-possession statute. It is the fact of conviction, not the nature of the plea, that determines the issue.

Olsen seeks to escape the holding in *Deng Kon Tong* on the ground that Deng Kon Tong was arrested for possessing an illegal sawed-off shotgun while Olsen allegedly simply possessed an ordinary shotgun used by countless hunters in Iowa during deer hunting season. He further notes that the Wisconsin trial court advised him that he could possess firearms, a fact confirmed by the prosecuting attorney who declared "[n]o disability that way at all" at the court hearing on the matter. While Olsen's factual distinctions are supported by the record, they simply have no bearing on the question of whether he was convicted of a felony under Iowa Code section 724.26. Further, in addition to being convicted of a felony, the felon-in-possession statute requires only knowing dominion and control, possession, or receipt or transportation of a firearm. *See* Iowa Code § 724.26(1). There is no statutory requirement that the defendant have actual knowledge that possession is

---

[1]Our result is consistent with the concurring opinion in *Deng Kon Tong*, which stated that "a defendant's guilty plea in anticipation of the court granting the defendant a deferred judgment is a conviction for the purpose of a enhancing a defendant's punishment." *Deng Kon Tong*, 805 N.W.2d at 604 (Wiggins, J., specially concurring).

illegal. Similarly, factual assertions offered by the State suggesting Olsen received notice that he could not purchase a firearm and acted in an evasive fashion when confronted by a conservation officer have no bearing on our determination.

The Iowa district court noted that under the circumstances, "it is hardly fair that a young man who is told by a Judge that he can hunt, is, then, charged with this [felon-in-possession] offense." It noted the record before it had the appearance of "a misunderstanding with extremely consequential proportions" as Olsen, if convicted, could suffer revocation of his deferred sentence in Wisconsin and face very serious penalties in that state. The district court, however, found itself bound to follow the law, regardless of the equities of the case, noting that whether to bring criminal charges rests within prosecutorial discretion of the county attorney. We agree with the district court.

Because the Wisconsin trial court found Olsen guilty upon his tendering of a no contest plea and because Olsen had not completed the terms of his deferred judgment on his felony count, we conclude the district court properly denied Olsen's motion to dismiss in this case.

**IV. Conclusion**.

For the above reasons, the district court's denial of Olsen's motion to dismiss the charge of felony possession under Iowa Code chapter 724.26 is affirmed.

**AFFIRMED.**

All justices concur except Hecht, Wiggins, and Waterman, JJ., who dissent.

**HECHT, Justice (dissenting).**

As I believe Olsen was not a felon when he possessed a firearm in Iowa, I cannot join the majority opinion in this case. My analysis begins with Iowa Code section 724.26(1), the statute in question here. It provides:

> A person who is convicted of a felony in a state or federal court, or who is adjudicated delinquent on the basis of conduct that would constitute a felony if committed by an adult, and who knowingly has under the person's dominion and control or possession, receives, or transports or causes to be transported a firearm or offensive weapon is guilty of a class "D" felony.

Iowa Code § 724.26(1) (2013). The first element of the offense is the defendant's status as a felon. Accordingly, the State must prove in this case that Olsen was "convicted of a felony" in Wisconsin in 2009 before he possessed a firearm in Iowa and was charged in this case. *See State v. Sanborn,* 564 N.W.2d 813, 817 (Iowa 1997) (" '[A]bsent defendant's concession or admission made of record, the State, as part of its case in chief, was required to show defendant's status as a felon.' " (quoting *State v. Walton,* 311 N.W.2d 110, 112 (Iowa 1981))).

Favoring a functional assessment based upon Iowa law, the majority explores whether the result of the Wisconsin prosecution would be considered a conviction under Iowa law. Eschewing "the definitional vagaries of out-of-state law," the majority utilizes Iowa's definition of "conviction" in deciding whether Olsen was convicted of a felony in Wisconsin. Although I concede Iowa law does not contain an explicit provision requiring us to look to the law of Wisconsin in determining whether Olsen was convicted in 2009, I believe we should. The crime committed by Olsen occurred in Wisconsin and all of the actors in the

resulting court proceedings acted in that state, not in Iowa. Our analysis of whether the Wisconsin proceeding produced a conviction should likewise be controlled by what occurred there—not by what would have occurred had the events transpired in Iowa or elsewhere.[2] Reliance instead on the "fact" of the Wisconsin judgment without consideration of what actually happened there runs the risk of jeopardizing significant procedural, substantive, and constitutional interests that might preclude consideration of the judgment had it occurred here. *See, e.g.*, Wayne A. Logan, *Horizontal Federalism in an Age of Criminal Justice Interconnectedness*, 154 U. Pa. L. Rev. 257, 278 (2005) (noting "greater tolerance for different procedures used in [sister] states" may "often translate[] into a disregard of the procedural norms that would otherwise preclude consideration of such convictions if they had occurred in-state"); *cf.* Wayne A. Logan, *Creating A "Hydra in Government": Federal Recourse to State Law in Crime Fighting*, 86 B.U. L. Rev. 65, 82 (2006) ("To complicate matters further still, predicates are eligible for use even if secured by constitutionally invalid means. This is because the 'federal gun laws . . . focus not on reliability, but on the mere fact of conviction . . . in order to keep firearms away from potentially dangerous persons.' " (footnote omitted) (quoting *Lewis v. United States*, 445 U.S. 55, 67, 100 S. Ct. 915, 922, 63 L. Ed. 2d 198, 210 (1980))); Restatement (Second) of Conflict of Laws § 107, at 320 ("A judgment will not be recognized or enforced in other states insofar as it is not a final determination under the local law of the state of rendition."). As I believe that approach is

---

[2]I believe Iowa Code section 724.25, defining "felony," provides additional support for this outward-looking approach. This provision directs us to determine, for purposes of finding a felon in possession, whether the prior offense was "punishable in the jurisdiction *where it occurred* by imprisonment for a term exceeding one year," and makes no mention, by contrast, of consideration of how the offense may have been treated in Iowa. *See* Iowa Code § 724.25(1) (emphasis added).

neither desirable nor necessary here, I turn to the legal effect of what actually occurred in the Wisconsin court.

Everyone in the Wisconsin courtroom—including most importantly the judge and the prosecutor—believed Olsen was not convicted of a felony as a consequence of the 2009 deferred judgment. Olsen's careful Wisconsin counsel specifically inquired of the court whether Olsen would be able to hunt with a firearm after the deferred judgment proceeding. The court replied, "Yes, he can." This statement made by the judge is, in my view, crucially important to our determination of whether the deferred judgment proceeding resulted in a felony conviction not only because of the words spoken by the key actor in the room, but also because of the words he did not utter. Wisconsin law mandates the court shall inform a defendant sentenced or placed on probation for a felony conviction of the restriction on his right to possess firearms. *See* Wis. Stat. § 973.176(1) (2007–2008), https://docs.legis.wisconsin.gov/ 2007/statutes/prefaces/toc ("Whenever a court imposes a sentence or places a defendant on probation regarding a felony conviction, the court shall inform the defendant of the requirements and penalties under [the statute precluding felons from possessing firearms]."). The prosecutor confirmed the judge's assurance that a conviction affecting Olsen's right to possess firearms did not result from the proceeding, stating Olsen would suffer "[n]o disability that way at all."

My conclusion—and the Wisconsin court's conclusion—that a conviction did not result from the 2009 proceeding is supported by other evidence in the record. The Wisconsin court memorialized the proceeding in an order stating "*acceptance of the plea and adjudication for the offense . . . is stayed* for four (4) years from 08/25/09." (Emphasis added.). Thus, although Olsen entered a plea of nolo

contendere to the felony charge, the Wisconsin court did not formally or actually accept or implement it.[3] Instead, the court stayed acceptance of the plea pending Olsen's compliance with the terms of the deferred judgment arrangement. In the absence of an accepted plea or an adjudication of guilt, Olsen surely did not attain the status of "felon" under Wisconsin law, and the statements of the Wisconsin judge and prosecutor quoted above were both accurate and sensible.[4] *See, e.g.,* Quentin Brogdon, *Admissibility of Criminal Convictions in Civil Cases*, 61 Tex. B.J. 1112, 1116 (1998) ("If the judge in the criminal case determines that the criminal defendant violated the terms of his or her probation,

---

[3]That the court did not accept Olsen's plea, but instead stayed its acceptance, was surely of great significance to the court's understanding that the legal effect of the proceeding fell short of a conviction. In *State v. Wimmer*, the Wisconsin Supreme Court concluded a guilty plea in a battery case qualified as a predicate conviction under a "repeater statute" imposing more severe penalties for second and subsequent domestic battery offenses. 449 N.W.2d 621, 621, 625 (Wis. 1989). The court concluded that "*once the court has accepted a guilty plea* or verdict, the 'conviction' becomes sufficiently final to trigger the operation of the repeater statute." *Id.* at 625 (emphasis added). In a more recent case, the Wisconsin Supreme Court concluded a guilty plea accepted by a trial court in connection with the implementation of a diversion agreement "constituted 'sentencing' for purposes of determining the standard to be applied in deciding [a] motion to withdraw [a] guilty plea." *State v. Barney*, 570 N.W.2d 731, 735 (Wis. 1997).

[4]I acknowledge some of the Wisconsin court's statements on the record during the proceeding were unclear. Although at one point the court stated "I'll find him guilty," I conclude this statement is best understood as an explanation of what could happen at some future date if Olsen fails to comply with the requirements of the deferred judgment. My forward-looking understanding of the statement is informed by another comment made by the court and couched as a hypothetical during the same proceeding: "No, if I accept his plea, then set it for sentencing, then." Summarizing the legal effect of the proceeding in another part of the colloquy, the Wisconsin court stated, "We'll find him guilty, but it's not of record, though. No conviction will show up on that." When understood in the context of the entire proceeding and in light of the order memorializing the effect of the proceeding, I believe the Wisconsin court neither accepted Olsen's plea nor adjudicated his guilt. I conclude the most accurate and controlling articulation of the effect of the proceeding is found in the court's written order entered after the hearing, announcing the legal effect of what occurred there. *Cf. Wimmer*, 449 N.W.2d at 664–65 (noting courts correctly rely on written judgments and it "is only when th[e] written document is unavailable or has not yet been prepared that the court will have to refer to other sources to determine whether an individual has been 'convicted.'")

the judge may 'revoke' the probation (if the probation was a straight probation) or 'adjudicate' the probation (if the probation was a deferred adjudication probation), and convert it into a final conviction. The distinction between the two types of probation may be significant because a deferred adjudication probation cannot be a 'conviction' under Texas law . . . ."). This should be the end of it. No prior felony conviction, period.

The majority looks beyond the Wisconsin court's unmistakable declaration that no conviction resulted from the 2009 proceeding. Turning its attention away from the expressed understanding of the Wisconsin judge and prosecutor about the legal effect of the Wisconsin proceeding, the majority recharacterizes the legal effect of what occurred there as if it had been an Iowa court proceeding based on Iowa law. I find this recharacterization unattractive because of the extreme unfairness it visits upon Olsen—who had been assured by a judge and prosecutor that his right to possess firearms would be unimpaired because he had not been convicted of a felony. Although this court is understandably more confident in articulating Iowa legal principles than those prevailing elsewhere, we should give appropriate respect and deference to the Wisconsin court in our determination of whether that court convicted Olsen. After all, Olsen was prosecuted there—not here—for the purported predicate offense. I suspect the Wisconsin judge would prefer any reversal of his determination of the legal effect of his decision come from the supreme court of that state, not from this court.

Unlike the majority, I do not believe our decision in *State v. Deng Kon Tong*, 805 N.W.2d 599 (Iowa 2011), is helpful in answering the question whether Olsen was convicted of a felony in the Wisconsin proceeding. In *Deng Kon Tong*, we held a defendant's plea of guilty

entered in an *Iowa* prosecution resulting in an *Iowa* deferred judgment and probation constituted a predicate conviction for purposes of Iowa Code section 724.26. *Deng Kon Tong*, 805 N.W.2d at 603. We properly determined in that case the legal effect of a predicate guilty plea entered by a defendant in an Iowa court and the resulting deferred judgment issued by an Iowa court. We noted two alternative conceptions of the term "conviction" under Iowa law in *Deng Kon Tong*. *Id.* at 601. First, we explained, courts have looked to the procedural history of a prior Iowa prosecution and found a conviction if the defendant entered a guilty plea or was convicted of a felony offense by a fact finder. *Id.* (citing *State v. Kluesner*, 389 N.W.2d 370, 372 (Iowa 1986)). The second conception of "conviction" articulated in our earlier cases focuses on whether a " 'final consummation of the prosecution against the accused including the judgment or sentence rendered' " has occurred.[5] *Kluesner*, 389 N.W.2d at 372 (quoting *State v. Hanna*, 179 N.W.2d 503, 508 (1970)); *see also Deng Kon Tong*, 805 N.W.2d at 601.

Our choice between the two conceptions of "conviction" in prior decisions of this court has ostensibly been driven by whether the purpose of the statute requiring a predicate prior conviction was punishment of the defendant or protection of the public. *Deng Kon Tong*, 805 N.W.2d at 602. Yet, the distinction between these purposes is sometimes of limited analytical usefulness because, as we observed in *Deng Kon Tong*, criminal statutes are commonly calculated to achieve both purposes. *Id.* In this case, however, I conclude it is pointless to

---

[5]Wisconsin's highest court has explained at least two possible definitions of "conviction" are recognized in Wisconsin: "a popular meaning indicating a finding of guilt and a more technical legal meaning referring to the entire procedural process resulting in a judgment and sentence." *Wimmer*, 449 N.W.2d at 622. Of these two meanings of the term recognized in Wisconsin, the former is the more common usage. *Id.*

consider which of the two conceptions might have application because neither should lead us to a determination Olsen was convicted in the Wisconsin proceeding.

Even if it were appropriate—and I do not believe it is—to apply Iowa law in determining the legal effect of a Wisconsin criminal proceeding, I would conclude the State of Iowa failed to prove Olsen was convicted in the 2009 Wisconsin proceeding. As I have already noted, the Wisconsin court's acceptance of the nolo contendere plea was stayed until August 2013 pending Olsen's compliance with the behavioral requirements of the deferred judgment. Thus at the time of the subsequent Iowa prosecution, there was no prior accepted or judicially recognized Wisconsin plea that could constitute a prior conviction under the first conception of "conviction" described in *Deng Kon Tong* and *Kluesner*. *See Deng Kon Tong*, 805 N.W.2d at 601; *Kluesner*, 389 N.W.2d at 372.

Similarly, the adjudication of Olsen's criminal liability as a consequence of the stayed plea and potential sentence for the Wisconsin conduct qualifying as a felony were also stayed in 2009 such that no adjudication of guilt or sentence constituting a "conviction" resulted from the Wisconsin court proceeding under the second conception of that term described above.

Our decision in *Sanborn* is also distinguishable and therefore not helpful to our analysis of whether the State proved Olsen had been convicted of a qualifying predicate offense. *See* 564 N.W.2d at 816–17. In that case, as here, the defendant, Sanborn, was prosecuted under Iowa Code section 724.26 based on an alleged predicate offense that occurred in another state. *Id.* at 814–15. Sanborn did not, however, challenge the state's proof that he had been convicted of the alleged

predicate offense.  He instead challenged the state's proof that the out-of-state conviction was a felony offense.  *Id.*  We concluded in *Sanborn* that the definition of "felony" (exceeding one year in prison) in Iowa Code section 724.25 is controlling—not the foreign jurisdiction's classification of the offense—on the question of whether the predicate crime is classified as a felony in this context.  *Id.*

Although our general assembly defined "felony" for purposes of identifying the class of offenses qualifying as predicate offenses under section 724.26, it has not defined "convicted" in this context.  The legislative silence has created ambiguity here, and the majority's interpretation of "convicted" in light of this ambiguity is inconsistent with our longstanding recognition of the notion "that penal statutes are to be interpreted strictly with doubts therein resolved in favor of the accused." *State v. Muhlenbruch*, 728 N.W.2d 212, 216 (Iowa 2007); *cf. State v. Langlands*, 583 S.E.2d 18, 21 (Ga. 2003) (explaining, in felon-in-possession case, "[legislative] silence creates an ambiguity, in that a person of ordinary intelligence could fail to appreciate that the definition was meant to look past the treatment given a criminal offense by an out-of-state jurisdiction"); *Walthart v. Bd. of Dirs. of Edgewood-Colesburg Cmty. Sch. Dist.*, 667 N.W.2d 873, 877 (Iowa 2003) (noting statutory silence may create ambiguity and compel resort to rules of statutory construction); *State v. White*, 545 N.W.2d 552, 555 (Iowa 1996) ("Ambiguity exists when reasonable minds differ or are uncertain as to the meaning of a statute.").

By contrast, I view the legislative omission as consistent with the approach taken by Congress in 18 U.S.C. § 921(a)(20) (2012), which provides that a "conviction" for purposes of the corollary felon-in-possession statute should be determined in accordance with the law of

the jurisdiction in which the proceedings were held. This approach is consistent with principles of federalism in our federal system. If applied here, as I think it should be, it also is an approach that advances principles of comity and deference owed to the courts of other jurisdictions.

In conclusion, the Wisconsin court clearly understood and communicated that the proceeding before it did not result in a conviction of a felony offense. My review of the Wisconsin statutes and caselaw leads me to conclude the Wisconsin court got it right. Our court should not second-guess the Wisconsin court's understanding of "convicted"—especially where the general assembly has not defined the term as used in section 724.26, a statute restricting a valued constitutional right. Indeed, the majority's interpretation of "convicted" as applied to Olsen might raise substantial doubts about the statute's constitutionality. *See, e.g.*, *United States v. Kitsch*, No. 03–594–01, 2008 WL 2971548, at \*7 (E.D. Pa. Aug. 1, 2008) ("A statute that imposes criminal penalties for the exercise of an enumerated constitutional right despite defendant's reasonable belief in good faith that he has complied with the law must, at the very least, raise constitutional doubts."). Our doctrine of constitutional avoidance compels us to avoid such constitutionally problematic constructions where fairly possible. *See, e.g.*, *State v. Iowa Dist. Ct.*, 843 N.W.2d 76, 85 (Iowa 2014).

Accordingly, I respectfully dissent.

Wiggins and Waterman, JJ., join this dissent.